140    341
d144    568

140    341|
d155    465|

## FLINT LAND CO. *v.* FOCHTMAN.

QUIETING TITLE—CLOUD—BILL—SUFFICIENCY.

A bill to quiet title by the holder of a tax deed against the original owner and his mortgagee examined on demurrer and *held* to show a cloud in respect to the claims of the mortgagee.

Appeal from Emmet; Shepherd, J.   Submitted April 4, 1905.   (Docket No. 1.)   Decided June 6, 1905.

Bill by the Flint Land Company, Limited, against Gerhard Fochtman and Frank Fochtman to quiet title to land.   From an order sustaining a demurrer to the bill, complainant appeals.   Reversed.

*McFarlan & Wilson*, for complainant.

*Halstead & Halstead*, for defendants.

McAlvay, J.   The bill of complaint in this case is filed for the purpose of quieting title, and to remove cloud and perfect the record title of complainant.   The complainant claims title under a State tax deed for the taxes for the year 1896, paying taxes also for 1897, 1898, and 1899 to secure deed.   Defendants are the owners of an undischarged mortgage given by the owner of the original title.   Notice under the tax law was duly given to the owner of the original title, and to these defendants as mortgagees, and none of them within the statutory six months tendered or paid the amount requisite to be entitled to a reconveyance of the land, and complainant claims that all the proceedings to perfect title have been regular, and it is now the owner in fee simple of the lands in question, which are unoccupied wild lands.   Afterwards the owner of the original title disclaimed title to the land, but these defendants refuse to disclaim or quitclaim their

interest therein, and complainant in its bill of complaint alleges that defendants maintain that they have title or interest thereto.   No suit or proceeding has been commenced by defendants to try title to said land.   Defendants demurred to the bill of complaint.   The reasons set forth in the demurrer amount to a charge that the bill does not show any cloud upon complainant's title, or any cause for equitable relief.

The allegations of the complainant in its bill are:

" That George L. H. Mann has disclaimed all right, title, and interest in and to said land, but Gerhard Fochtman and Frank Fochtman do not acknowledge the fee-simple title of your orator to said land; and your orator states and charges that .it has sought to perfect its record title to said land by obtaining a disclaimer from said defendants [naming them], or a quitclaim deed, and that said above-named persons have neglected and refused to sign any disclaimer or quitclaim deed of said land, and maintain that they have title thereto, which claim is a cloud upon the title of your orator."

There is also a further allegation in the said bill of complaint—

" That said mortgage  *  *  *  is a cloud upon the title of your orator, and tends to depreciate the value thereof, and your orator is unable to sell said land for an adequate price owing to said mortgage."

The contention of defendants is that under the provisions of the present tax law the purchaser from the State receives a fee-simple title, and that defendants' mortgage is not an apparent cloud upon the title of complainant as the purchaser from the State; that the bill of complaint does not set forth the nature of the hostile claim; that a bill will not lie to remove a mere verbal claim of title.   It is not claimed by complainant that the defendants' claim is other than under the mortgage in question as set up in the bill of complaint, and as to this it is admitted by the defendants that the allegations in that regard are sufficiently specific.   From an order sustaining the demurrer

and dismissing the bill of complaint, complainant appeals to this court.

The demurrer under the practice admits all the allegations of the bill of complaint. The validity of the tax deed, and the absolute title in fee in the complainant to the premises, is therefore not in dispute. The claim of the defendants is that from the face of the bill it appears that there is no cloud upon the title of complainant, and no case is stated to warrant a court of equity in entertaining jurisdiction. The only contention of defendants in the case is that the absolute title in complainant by virtue of the tax deed and proceedings under it so operate to wipe out all outstanding titles, both legal and equitable, that there is no cloud whatever left upon such title. In cases of bills filed to quiet title and remove cloud therefrom, the court, in determining whether a bill of complaint states a sufficient case for relief, must go further than an examination as to whether complainant sets up a good title. To connect a defendant with the case, and to determine whether a case is made out by the bill against him, an examination must be made as to allegations of claims made by him under his title or claimed title. Whether a complainant's title is derived from the general government or the State is of no consequence if the bill of complaint shows his title good. In this case complainant alleges that defendants do not acknowledge its fee-simple title; that a disclaimer or quitclaim has been requested from them and refused, and they maintain that they have title thereto, which is a cloud upon complainant's title; that this cloud tends to depreciate the value of the premises, and complainant, by reason thereof, is unable to sell said land for an adequate price. Defendants' demurrer admits the truth of these allegations. We think the allegations are sufficient, and therefore that the bill, if true, states a sufficient case to entitle complainant to relief. By disclaimer either before or after the bill of complaint was filed, defendants could have relieved themselves from all costs and annoyance. They have seen fit to take

a course admitting the charge that they are making some kind of a claim under their mortgage to these premises, and that they refuse to disclaim.

The order sustaining the demurrer is reversed, with costs of both courts. The case will be remanded to the circuit court, and defendants be given the usual time under the rules in which to plead, answer, or disclaim.

MOORE, C. J., and GRANT, MONTGOMERY, and HOOKER, JJ., concurred.