STEYSKAL *v.* RADFORD.

QUIETING TITLE — INJUNCTION — REAL PROPERTY — MORTGAGES — FORECLOSURE.

On demurrer, a bill to quiet title sufficiently averred a cloud on complainant's title, by charging that defendant holds a second mortgage on premises purchased by complainants from the first mortgagor after a valid foreclosure, whereby defendant's incumbrance was cut off, and after the expiration of the time for redemption, that defendant has threatened to take proceedings to foreclose his second mortgage and that prospective purchasers have refused to purchase land on account of the cloud so created.

Appeal from Wayne; Rohnert, J. Submitted February 6, 1911. (Docket No. 115.) Decided March 31, 1911. Rehearing denied September 29, 1911.

Bill by Mathias Steyskal against George W. Radford, James Ronald, and Jennie H. Massey to remove a cloud from complainant's title to certain real property. From an order overruling a demurrer, defendant Radford appeals. Affirmed.

*Wilkinson & Younglove,* for complainant.

*Samuel P. Bradley,* for defendant Radford.

BLAIR, J. This is an appeal from an order overruling the demurrer of defendant Radford.

The bill alleges that on February 1, 1893, John Hulan, the owner in fee, deeded certain premises to Lawrence Schnell, taking back from said Schnell a purchase-money mortgage for $12,000; that on February 6, 1893, Schnell conveyed the premises to defendant Radford, subject to the said purchase-money mortgage, and on the same day Radford conveyed the premises to defendants Ronald and Massey, subject to that mortgage, taking from them a second

mortgage upon the premises; that Hulan foreclosed his mortgage by advertisement and received a sheriff's deed January 10, 1895; that all of the proceedings for foreclosure were regular, the time for redemption expired, and Hulan became the absolute owner of the premises; that Hulan conveyed the premises to complainant Steyskal November 30, 1909.

The fifth and sixth paragraphs of the bill are as follows:

"*Fifth.* And your orator further shows that said deeds and mortgages hereinbefore set forth, viz., from Lawrence Schnell to George W. Radford and from said Radford to James Ronald and Jennie H. Massey, and the mortgage from James Ronald and Jennie H. Massey to the said George W. Radford, constitute a cloud upon the title of your orator, and that certain persons have refused to purchase said land on account of said clouds, and that your orator desires said clouds removed by an order of this court so that he may be in a position to sell said land without the title thereof being refused on account of said deeds and mortgages last above enumerated.

"*Sixth.* And your orator further shows that the said George W. Radford has threatened to take proceedings to foreclose his mortgage, which proceedings would necessitate the filing of *lis pendens* against the property of your orator and further complicating and clouding the title thereof, and that the chain of title to your orator's property will thereby become greatly embarrassed."

The prayer for relief contains the following:

"(2) That the said George W. Radford may be restrained by an order of this court from taking proceedings to foreclose his said mortgage or to further complicate the title of your orator's property."

Defendant Radford demurred for the following reasons:

"(1) Because no facts are stated in said bill entitling said complainant to any relief whatever against the defendants.

"(2) Because it is alleged in and by said bill of complaint that all of the conveyances, deeds, and mortgages complained of therein were inferior and junior incumbrances and expressly subject to the superior title of the complainant and in no wise affect said complainant's title.

"(3) Because it is not shown in and by said bill that

any of the said mortgages referred to therein have been discharged or the indebtedness thereby secured paid.

"(4) Because it is shown in and by said bill of complaint that neither of said conveyances, deeds, or mortgages constitutes a cloud upon complainant's title."

The bill of complaint is carelessly drawn; but, in view of the averments of paragraph 6, we are inclined to hold, although with some misgivings, that it brings the case within the principle of *Flint Land Co.* v. *Fochtman,* 140 Mich. 341 (103 N. W. 813).

The order is affirmed, with leave to answer in accordance with the rules and practice of the court.

OSTRANDER, C. J., and BIRD, BROOKE, and STONE, JJ., concurred.