The other Justices concurred.

---

ST. MARY'S POWER CO. *v.* CHANDLER-DUNBAR WATER-POWER CO.

1. Tax Titles—Adverse Possession—Statute of Limitations—Due Process of Law.

Section 115 of the tax law of 1885 (Act No. 153, Pub. Acts 1885) provides that, after a claimant under a tax deed issued by virtue of said act shall have been in actual possession of the premises for five years, he shall be conclusively deemed the owner in fee.     Section 116 provides that no action shall be brought against one claiming under a deed so issued after the expiration of five years from the time when the right of action accrued.     *Held*, to constitute a statute of limitation, and hence not open to the objection of taking property without due process of law.

2. Same—Title to Act—Sufficiency.

The provisions of the tax law of 1885 (sections 115, 116), fixing

a five-year limitation on actions to recover land from claim-ants under tax deeds, were fairly within the object expressed in its title, viz., "An act to provide for the assessment of property, and the levy and collection of taxes thereon."

3. SAME—REPEAL OF STATUTE.

The provisions in question were not repealed by the amendment of 1889 (Act No. 8, Pub. Acts 1889) to the general statute of limitations (2 How. Stat. § 8698), the same having made no change in the subdivision relating to actions against claimants under tax deeds.

4. SAME.

Nor were such provisions repealed by the tax law of 1889 (Act No. 195, Pub. Acts 1889), which, while in the nature of a general revision, and not expressly re-enacting such provisions, by its terms repealed only such acts and parts of acts as were inconsistent therewith.

5. SAME.

Subsequent legislation examined, and found to contain nothing inconsistent with the provisions in question.

6. SAME—CONSTRUCTION OF STATUTE.

The provision of section 66 of the tax law of 1889, that no sale should be set aside after the purchaser had been in actual possession for five years, did not operate as a limitation on rights of action.

7. SAME.

The similar provision of section 73 of the tax law of 1893 (Act No. 206, Pub. Acts 1893) is in terms limited to sales under that act.

8. SAME—TENANCY IN COMMON—PRESUMPTIONS.

There is no presumption that a purchase at a tax sale by a tenant in common was made for the benefit of his co-tenant, where their interests were acquired at different times, and the taxes were a lien on the lands when the purchasing tenant obtained his original title.

9. TRIAL—DIRECTING VERDICT—QUESTIONS FOR JURY—WAIVER.

Where, at the close of the testimony in a case, each party claimed that a verdict should be directed in his favor, and the court said to the jury that it seemed to be agreed that it was the court's duty to direct a verdict one way or the other, to which statement no exception was taken, the defeated party could not urge on appeal that there were questions of fact on which he was entitled to go to the jury.

Error to Marquette; Stone, J. Submitted February 18, 1903. (Docket No. 86.) Decided June 23, 1903.

Ejectment by the St. Mary's Power Company against the Chandler-Dunbar Water-Power Company and the Edison-Sault Electric Company. From a judgment for defendants on verdict directed by the court, plaintiff brings error. Affirmed.

*Shaw, Warren, Cady & Oakes* (*Dan H. Ball* and *E. S. B. Sutton*, of counsel), for appellant.

*Moore & Goff* (*A. B. Eldredge* and *Sharpe & Handy*, of counsel), for appellees.

HOOKER, C. J. In an action of ejectment, a verdict was directed in favor of the defendants. Judgment followed, and the plaintiff took a writ of error.

The premises consist of the undivided half of a small parcel of land bordering upon the shore of the St. Mary's river, called "Private Land Claim No. 95," at Sault Ste. Marie, Michigan. It adjoins private claim No. 96, which also borders upon the river. This parcel was patented by the federal government to Sheldon McKnight in 1874. Sheldon McKnight died prior to 1880, leaving two sons, who were his only heirs, named, respectively, Charles A. and Lucius L. McKnight.

*Defendant's Paper Title:* Lucius L. conveyed by quitclaim deed all of claim 95 to Scranton on May 4, 1887. There is no proof as to the date of the delivery of this deed, but it was acknowledged January 22, 1889. On December 23, 1889, a tax deed was executed by the auditor general to Scranton for claim 95, for delinquent taxes, upon a sale held October 2, 1888. On March 23, 1893, Scranton gave a warranty deed of the premises to the defendant the Chandler-Dunbar Water-Power Company. It is admitted that the tax deed was invalid.

*Plaintiff's Title:* On June 11, 1900, Charles A. McKnight made a deed whereby he conveyed and quitclaimed

all his interest as heir at law of Sheldon McKnight in the premises to Cady. Cady conveyed the same to the plaintiff by deed dated August 19, 1901.

It thus appears that Cady and defendant held the original title in common,—each a moiety.

*Adverse Possession:* The defendant claims title to the entire premises, one-half by virtue of the deed from Lucius, and the other by virtue of alleged possession for the statutory period under the tax deed.

The two important questions in the case are: (1) Is there a valid five-year statute of limitations applicable to this case? (2) Does the testimony upon the subject of possession raise an issue of fact that should have been submitted to the jury? Incidental to these questions is a third, viz.: Were the parties tenants in common, and, if so, does that fact affect defendant's rights under the statute?

It is essential to the affirmance of the judgment that we be able to sustain the defendant's claim that there is a valid five-year limitation of action against one occupying under a tax deed. It is clear that defendant entered under the tax deed, as to the undivided half of the premises. This deed was issued under the law of 1885. At the time this act was passed, the general statute of limitations (2 How. Stat. § 8698) prescribed a period of ten years within which actions for the recovery of the possession of land should be brought against defendants claiming title under tax deeds. Section 115 of the tax law of 1885 (Act No. 153, Pub. Acts 1885) is as follows:

"Sec. 115. The right to recover possession of any land by any person claiming through or under any deed executed by the auditor general by virtue of the provisions of this act shall be forever barred by the actual, open, and continuous possession of any person claiming such land adversely to such tax deed for the period of five years after the execution of such tax deed: *Provided*, that if the person claiming through or under such tax deed shall have once taken actual and peaceable possession of such land by virtue of his deed, and shall have continued in

such actual possession for five years next thereafter, then the provisions of this section shall not apply, but in such case he shall be conclusively deemed the owner in fee simple of such land."

Counsel contend that this provision is not a statute of limitation, but was an attempt to make the deed conclusive evidence of title, and that it is invalid under the decision in the case of *Groesbeck* v. *Seeley*, 13 Mich. 329. This statute differs from the one involved in that case, in the particular of possession. See Act No. 32, Laws 1858. It attempted to make the bid to the State effective to devest a title, while in the statute under discussion the title was made to depend upon the possession taken and held for the statutory period. In the former case the court said that the statute was not a statute of limitations. We have no hesitancy in saying that the later statute is a statute of limitations. The provision that, in case actual and continuous possession shall be taken and maintained for five years under such a deed, the person so occupying "shall be conclusively deemed the owner in fee simple of said land," is equivalent to fixing a period at the expiration of which title should vest by adverse possession; and such statutes are treated as statutes of limitation, which they are in fact. *Sparrow* v. *Hovey*, 44 Mich. 63 (6 N. W. 93); *McKenzie* v. *A. P. Cook Co.*, 113 Mich. 452 (71 N. W. 868); *Spaulding* v. *O'Connor*, 119 Mich. 45 (77 N. W. 323); *Boynton* v. *Veldman*, 131 Mich. 555 (91 N. W. 1022); *Commissioner of State Land Office* v. *Auditor General*, 131 Mich. 147 (91 N. W. 153).

But this is expressly made a statute of limitations by section 116.

"SEC. 116. No person shall bring or maintain any action for the recovery of any land or the possession thereof, or make any entry thereupon, unless such action is commenced or entry made within five years after the right to make such entry or to bring such action shall have first accrued to the plaintiff, or to some person through whom he claims, when the defendant claims title under a deed made by the auditor general in pursuance of the provisions of this act." Act No. 153, Pub. Acts 1885.

It is also urged that the provision is void for the reason that it is not germane to the title. In our opinion, this provision is an assurance well calculated to induce confidence in tax sales, and therefore within the rule.

Counsel contend further that sections 115 and 116 of the law of 1885 have been repealed (1) by amendment of section 8698, 2 How. Stat., being 3 Comp. Laws, § 9714; (2) by revision of the tax law.

At the session of 1889, Act No. 8 was passed, and approved February 25th. It amended 2 How. Stat. § 8698, by adding a few words relating to sales on foreclosure to subdivision 1 of the section, but making no change in subdivision 2, which alone is applicable to this case. We think that it was not designed to repeal sections 115 and 116, and should not be given such effect.

An act approved June 27th, which was given immediate effect (being Act No. 195, Pub. Acts 1889), was entitled "An act to provide for the assessment of property and the levy of taxes thereon, and for the collection of taxes heretofore or hereafter levied." This statute provided a new and different method for foreclosing the tax liens of the State than any theretofore in vogue. A judicial decree was provided for before sale. Sections 115 and 116 of the law of 1885 were not re-enacted, but section 66 contains the following provision:

"All sales shall stand confirmed, subject to the right of redemption provided for in section sixty-four, unless objections thereto are filed within eight days after the time limited for filing such report, without the entry of any order or further notice. The practice with reference to setting aside such sale shall be the same, so far as applicable, as in a sale in equity on the foreclosure of mortgages: *Provided*, no sale shall be set aside for inadequacy of price, except upon payment of amount bid upon such sale, with interest and costs: *And provided further*, that no sale shall be set aside after confirmation, except in cases where the taxes were paid, or the property was exempt from taxation. In such cases the owner of such lands may move the court, at any time within one year after he shall have notice of such sale, to set the same

aside, and the court may so order upon such terms as may be just: *Provided*, also, that no sale shall be set aside after the purchaser, his heirs or assigns, has been in actual possession of the lands for five years. If a sale is set aside, the county treasurer shall refund to the purchaser the amount of his bid, with interest at seven per cent., together with the taxes which have been paid by him since said sale, and interest thereon at seven per cent. from date of payment."

It did not in terms repeal the old law, but repealed all acts and parts of acts in any way contravening its provisions.

The law of 1889 was repealed in 1891, but section 66 of the law of 1889 was re-enacted without substantial change. See Act No. 200, Pub. Acts 1891, § 67.

The law of 1891 was repealed in 1893 by Act No. 206. Section 70 provides:

"All sales shall stand confirmed, subject to the right of redemption provided for in section seventy-four, unless objections thereto are filed within eight days after the time limited for filing such report, without the entry of an order or further notice. The practice with reference to setting aside such sale shall be the same, so far as applicable, as in a sale in equity on the foreclosure of mortgages: *Provided*, no sale shall be set aside for inadequacy of price, except upon payment of amount bid upon such sale, with interest and costs: *And provided further*, that no sale shall be set aside after confirmation, except in cases where the taxes were paid, or the property was exempt from taxation. In such cases the owner of such lands may move the court, at any time within one year after he shall have notice of such sale, to set the same aside, and the court may so order upon such terms as may be just."

Section 73 provides:

"No sale of any lands or deed made by the auditor general under the provisions of this act shall be set aside or annulled by any court of this State after the purchaser, his heirs or assigns, have been in actual and undisputed possession of such lands so sold or conveyed for a period of five years from the date of such purchase or deed."

It will be noticed that an important proviso of section 66 was omitted in this act.

We had occasion to review these two sections (70 and 73) of the law of 1893 in the case of *Spaulding* v. *O'Connor*, 119 Mich. 48 (77 N. W. 323). That case arose upon a petition to review tax foreclosure proceedings, and to set aside the sale, under section 70. The circuit court set aside the sale and deed. This court reversed the decree, and held that the petition was not seasonably filed under the statute (section 70). It was said that this section was designed to limit the power inherent in a court of chancery to set aside its sales when application is made in the same proceeding. That this section should be limited to such object, and not be given the effect of a statute of limitation generally, is manifest, especially in view of the fact that the legislature omitted from the section the following words of the corresponding section of the old law, viz.:

"*Provided*, also, that no sale shall be set aside after the purchaser, his heirs or assigns, has been in actual possession of the lands for five years."

In the same connection, we may mention section 73, which contains a clear limitation, as is said in *Spaulding* v. *O'Connor*.

If, as contended by counsel for the defendant, sections 115 and 116 of the law of 1885 were substantially re-enacted in section 66 of the law of 1889 and section 67 of the law of 1891, they fell with the rest of those acts by the explicit repeal in 1893. We are not cited to any case in which it has been intimated that section 66 was intended as a statute of limitation, except as to proceedings in the foreclosure case, and therefore, unless it can be said that sections 115 and 116 of the law of 1885 are still in force, or the case is within section 73 of the law of 1893, the defendant's claim that five years' possession bars recovery in this case cannot prevail. Section 73 applies only to sales under the act of 1893. It is probably true that we might hold that such portions of the law of 1885 as had been re-enacted in 1889 were not repealed, where necessary to make the latter act effective, under the cases of *Davenport* v.

*Auditor General,* 70 Mich. 192 (38 N. W. 211), and *Humphrey* v. *Auditor General,* 70 Mich. 292 (38 N. W. 214). That, however, is a radically different proposition from that of saying that there is still vitality in certain sections of that act for the reason that they are not inconsistent with acts subsequently passed, although not reenacted. These various acts were evidently intended as revisions of the tax laws, and, under a well-known rule, such acts are usually held to supersede previously existing laws. Suth. Stat. Const. §§ 154–156; *Bartlet* v. *King,* 12 Mass. 545 (7 Am. Dec. 99). This cannot be said, however, if a contrary legislative intent is deducible; and this is deducible where, instead of repealing an act, the repeal is only of such acts and parts of acts as are inconsistent with the new legislation. See Endl. Interp. Stat. § 203, and notes; Suth. Stat. Const. § 155, and cases cited. See, also, *Campau* v. *City of Detroit,* 14 Mich. 276. We conclude, therefore, that the law of 1889 not having repealed the provisions of sections 115 and 116, and none of the subsequent acts being inconsistent with them, they are applicable in this case.

The circumstances shown by the testimony are sufficient to establish a *prima facie* case of adverse possession, and we think defendant's relations with the owner of the other moiety were not such as to impose a duty to pay taxes for his benefit, or to create the presumption that the purchase was upon his behalf or for his benefit. The question of possession was one which the plaintiff was entitled to go to the jury upon. Each party claimed that a verdict should be directed in its favor. The plaintiff requested the court to charge that, "as the defendant was a tenant in common with the pliantiff and its grantor during the time defendant claims to have had possession of the property, there was no evidence that the defendant held adversely to the plaintiff and its grantor, or, at least, no evidence that the plaintiff or its grantor had ever been notified that said defendant claimed to hold adversely." Thereupon the court instructed the jury as follows:

"We have listened to a pretty lengthy argument in this case, upon the law, of both parties, and both parties seem to agree that it is the duty of the court to direct a verdict in this case; the plaintiff insisting that it is the duty of the court to direct a verdict in its favor, and the defendants claim that it is the duty of the court to direct a verdict in their favor. They do not agree, of course, upon the propositions of law at all."

It does not appear that an exception was taken at the time, or that the court was informed that he was in error in understanding that plaintiff did not claim the right to go to the jury on the question of fact. The plaintiff owed it to the judge to set him right about this, if he was wrong, and, not having done so, cannot now ask a reversal upon that ground. *Wolf* v. *Holton*, 110 Mich. 168 (67 N. W. 1082); *Ranson* v. *Weston*, 110 Mich. 243 (68 N. W. 152); *Farmers' Mut. Fire-Ins. Co.* v. *Gargett*, 42 Mich. 295 (3 N. W. 954).

Several other questions were raised in relation to the admission of testimony, but we find no error in them.

The judgment is affirmed.

The other Justices concurred.