PENCE *v.* MILLER.

LIMITATION OF ACTIONS—ADVERSE POSSESSION—TAX DEED.
Possession for five years under a void tax deed gives the purchaser title by adverse possession, under section 73, Act No. 206, Pub. Acts 1893, the general statute of limitations (§ 9714, 3 Comp. Laws) having no application to such a case.

Appeal from Midland; Dodds, J.  Submitted April 12, 1905.  (Docket No. 55.)  Decided May 12, 1905.

Bill by Jeff Pence against George Miller and another to quiet title to land.  From a decree for complainant, defendant Miller appeals.  Affirmed.

*Floyd L. Post,* for complainant.

*De Vere Hall,* for appellant.

HOOKER, J.  The complainant filed the bill in this cause to quiet his title to lands occupied by him.  His paper title consists only of two tax deeds, admittedly void, and he relies for relief upon proof of adverse possession, taken and held under his tax purchases, for a period exceeding five years.  A decree in favor of the complainant has been appealed from by the defendant.  A stipulation appears to the effect that:

" The only question presented by the accompanying case submitted to the judge for his signature and settlement on appeal is that said several tax deeds held by complainant being invalid, for jurisdictional reasons, whether complainant's actual and undisputed possession of the land in controversy for a period of five years from the date of his purchases or deeds, as contemplated by section 73 of Act No. 206 of the Public Acts of 1893, as amended by Act No. 154 of the Public Acts of 1895, and thereafter amended by Act No. 262 of the Public Acts of 1899, vested the absolute title in complainant, as against de-

fendant Miller, by adverse possession, or whether, such deeds being invalid for jurisdictional reasons, the general statute of the State (being the second subdivision of section 9714 of the Compiled Laws of 1897) requires complainant to be in such possession of said lands for a period of ten years in order to make his title complete by adverse possession."

Complainant went into possession in February, 1897, claiming title under a purchase on February 3, 1897; deeds being issued in May, 1897, and action begun in June, 1902.   Section 9714 of the Compiled Laws of 1897 provides as follows:

" After the thirty-first day of December, in the year of our Lord eighteen hundred and sixty-three, no person shall bring or maintain any action for the recovery of any lands or the possession thereof, or make any entry thereupon, unless such action is commenced or entry made within the time herein limited therefor, after the right to make such entry or to bring such action shall have first accrued to the plaintiff or to some person through whom he claims, to wit:   *   *   *
" Second, within ten years where the defendant claims title under a deed made by some officer of this State or of the United States authorized to make deeds upon the sale of lands for taxes assessed and levied within this State."

Section 73 of Act No. 206, Pub. Acts 1893, provides:

"No sale of any lands or deed made by the auditor general under the provisions of this act shall be set aside or annulled by any court of this State after the purchaser, his heirs or assigns, have been in actual and undisputed possession of such lands so sold or conveyed for a period of five years from the date of such purchase or deed. Whenever any sale made under this act is set aside by any court in a less time than five years, the court shall determine and decree the value of improvements made by the purchaser, if he has been in possession, and give judgment therefor, and issue execution to collect the same of the claimant before putting him in possession."

The contention of defendant's counsel is that 3 Comp. Laws, § 9714, fixes the period within which an action or suit must be brought to recover possession or quiet title

by one claiming through a possession taken under a tax deed, and that this period was not shortened by section 73, and that said section was intended to have application only to cases where the owners of the original titles have petitioned the circuit courts in chancery, by intervention in the tax proceedings, for orders setting aside and annulling decrees made therein. It is strenuously urged that section 73 should not be treated as an act repealing section 9714. A forcible argument is based on the statutes and the case of *St. Mary's Power Co.* v. *Water-Power Co.*, 133 Mich. 470, where it is said that, in construing a similar statute (section 66 of the law of 1889, Act No. 195), we held that it was not intended as a statute of limitation. 133 Mich. 477. Section 66 related to the practice of setting aside sales in the tax proceedings, and contained several provisos, the last of which was as follows:

"*Provided also*, That no sale shall be set aside after the purchaser, his heirs or assigns, has been in actual possession of the lands for five years. If a sale is set aside, the county treasurer shall refund to the purchaser the amount of his bid, with interest at seven per cent., together with the taxes which have been paid by him since said sale, and interest thereon at seven per cent. from date of payment."

This section was amended in 1891, and ultimately became section 70 of Act No. 206 of the Public Acts of 1893. An important change was made, as is indicated in *Spaulding* v. *O'Connor*, 119 Mich. 48, and in *St. Mary's Power Co.* v. *Water-Power Co.*, 133 Mich. 477, and while we held in the former case that section 70 (i. e., section 66 as amended) could not be treated in a statute of limitation, we did not pass upon section 73, which was not directly involved, though we intimated that it "contained a clear limitation," as we afterwards said in the *St. Mary's Power Company Case*, 133 Mich. 477; apparently declining to apply it only for the reason that by its express terms it was limited to sales under the act of 1893, which the sales in the present case were. There is abundant op-

portunity for distinguishing section 73 from section 70, in the matter of construction. The former has been shown to contain a proviso having a special reference, while the latter is a broad and direct provision, which forbids all courts from setting aside or annulling a tax sale or deed under which a purchaser has enjoyed actual possession for five years. In the *St. Mary's Power Company Case*, sections 115 and 116 of the law of 1885 (Act No. 153) were held to be a statute of limitation, notwithstanding the failure of the legislature to repeal section 9714. See, also, *Nowlen v. Hall*, 128 Mich. 279. It is true that we have not passed directly upon the question here raised, and sections 115 and 116 of the law of 1885, containing a more pointed limitation than that embraced in section 73, were not re-enacted in the same form when the law was revised. We are of the opinion that it would be matter of general surprise, should we hold that there was no five-year limitation law in favor of tax purchases and deeds based on actual possession, in view of what is clearly shown to have been the policy of the State at times, if not continuously, and our repeated expressions upon the subject.

The decree is affirmed.

MOORE, C. J., and CARPENTER, MCALVAY, and OSTRANDER, JJ., concurred.