WOLVERINE LAND CO. *v.* JEROME.

TAXATION—TAX DEEDS—LIMITATION OF ACTIONS—STATUTES.
    In an action of ejectment to recover possession of land
    purchased by tax deeds, one dated February 10, 1897, for
    the taxes of 1893, and the other May 3, 1898, for the taxes
    of 1894, the court was, in error in directing a verdict for
    defendant on the ground that the provisions of section
    115, Act No. 153, Pub. Acts 1885, limiting the right of action
    to five years after the execution of the tax deed, con-
    trolled; the section relied upon having been repealed by
    Act No. 206, Pub. Acts 1893.

Error to Oakland; Smith, J. Submitted April 22,
1915. (Docket No. 97.) Decided September 28, 1915.

Ejectment by the Wolverine Land Company against
Edwin Jerome for the possession of land purchased by
tax deed. Judgment for defendant on directed verdict.
Plaintiff brings error. Reversed.

*D. W. Closser* (*Peter B. Bromley* and *R. S. Wood-
liff*, of counsel), for appellant.
*James H. Lynch*, for appellee.

MOORE, J. This is an action of ejectment, brought
to recover the possession of an undivided one-half of
40 acres of land in Royal Oak township. From a di-
rected verdict in favor of the defendant, the case is
brought here by writ of error.

Defendant is the owner of an undivided half of said
land by line of conveyance. Plaintiff claims title by
virtue of tax deeds, one dated February 10, 1897, for
the taxes of 1893, and the other May 3, 1898, for the
taxes of 1894. These deeds were acquired from the
State by Judge Baldwin, who subsequently died, and
whose representatives conveyed the land to the plain-
tiff May 29, 1903, 5 years and 26 days after the date
of the latest deed to Judge Baldwin.

The plaintiff filed a petition for writ of assistance, which is sworn to July 16, 1903, which states in paragraph 9 thereof "that the said lands are now in possession of Edwin Jerome and Frank H. Jerome." Frank, who was a brother and tenant in common with defendant, Edwin Jerome, subsequently purchased the title of plaintiff in said lands. Consequently by the sworn petition of plaintiff the defendant, Edwin Jerome, was in possession of these lands 5 years and $2\frac{1}{2}$ months after the date of the tax deed of May 3, 1898.

Counsel for the appellee concedes (we quote from the brief) :

"If plaintiff's right to possession under these deeds was not barred July 16, 1903, then defendant has no defense. If it was barred, then plaintiff has no standing in this suit."

A disposition of the case makes it necessary to refer to certain tax statutes. Act No. 153, Pub. Acts 1885, was a general tax law. Section 115 reads:

"The right to recover possession of any land by any person claiming through or under any deed executed by the auditor general by virtue of the provisions of this act shall be forever barred by the actual, open, and continuous possession of any person claiming such land adversely to such tax deed for the period of five years after the execution of such tax deed: *Provided,* that if the person claiming through or under such tax deed shall have once taken actual and peaceable possession of such land, by virtue of his deed, and shall have continued in such actual possession for five years next thereafter, then the provisions of this section shall not apply, but in such case he shall be conclusively deemed the owner in fee simple of such land."

It is the claim of appellant that the tax law of 1885 was superseded by Act No. 195, Pub. Acts 1889, which later act was superseded by Act No. 200, Pub. Acts 1891, which was in turn superseded by Act No. 206 Pub. Acts 1893, which later act it is claimed was in

full force when the tax deeds involved in this proceeding were obtained.

It is the claim of the appellee that the limitation clauses of the act of 1885 remained in force until 1907. We quote from the brief:

"The proposition, then, before the court, is simply this: Are the provisions of section 115 of the tax law of 1885 applicable to plaintiff's deed acquired in 1893? I think they are."

The circuit judge accepted the contention of counsel for appellee, and it is claimed that the case of *St. Mary's Power Co.* v. *Water-Power Co.*, 133 Mich. 470 (95 N. W. 554), sustains the action of the circuit judge. The tax deed in that case was issued upon a sale made October 2, 1888, and it was held in the case cited that the provisions of section 115, *supra*, applied. In the instant case the tax deed was obtained in 1897 for the taxes of 1893, and the plaintiff claims that Act No. 206, Pub. Acts 1893, which has no limitation provision like that contained in the act of 1885, should control. So far as the decision in *St. Mary's Power Co.* v. *Water-Power Co.*, *supra*, is applicable to the instant case, it would tend to sustain the contention of appellant. Justice HOOKER used the following language:

"If, as contended by counsel for the defendant, sections 115 and 116 of the law of 1885 were substantially re-enacted in section 66 of the law of 1889 and section 67 of the law of 1891, they fell with the rest of those acts by the explicit repeal in 1893."

The title of Act No. 206, Pub. Acts 1893, closes as follows:

"And to repeal act number two hundred of the Public Acts of 1891, and all other acts and parts of acts in any wise contravening any of the provisions of this act."

The repealing language in the body of the act is contained in section 126. We think it must be said that

the instant case is controlled by the law of 1893, instead of by the law of 1885.

The judgment is reversed, and a new trial granted.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.