McVICKER v. KNEELAND.

TAXATION—QUIETING TITLE—ADVERSE POSSESSION.
A mortgage and tax deeds of prior date are cut off and
a suit to quiet title lies without the payment by grantees
of the grantee under a tax deed from the auditor general
of outlawed claims, where such grantee and grantees re-
mained in possession and exercised acts of ownership over
the premises for a period of 20 years.

Appeal from Gratiot; Searl, J. Submitted April 10,
1917. (Docket No. 116.) Decided May 31, 1917.

Bill by George McVicker and another against Frank
G. Kneeland and others to remove a cloud upon the
title to land. From a decree for plaintiffs, defendants
appeal. Affirmed.

*O. G. Tuttle,* for plaintiffs.

*Charles H. Chase* (*Edwin H. Lyon,* of counsel), for
defendants.

MOORE, J. The bill of complaint in this case was
filed in March, 1915, for the purpose of removing a
cloud upon title to a piece of real estate. From a de-
cree in favor of the plaintiffs the case is brought
here by appeal.

It is averred in the bill of complaint that the plain-
tiffs are the owners in fee and in possession of cer-
tain lands, to which they acquired title on the 12th
day of May, 1914, by warranty deed from Frederick
W. Hooper and his wife; that Frederick W. Hooper
purchased said land on the 2d day of August, 1893,
from Bert Woodward and wife, who were the owners
of valid tax titles against them for the years 1888

and 1889 and who conveyed them to Mr. Hooper by warranty deed, and said Hooper took immediate possession of the land, and remained in the open, continuous, exclusive, hostile, uninterrupted, and adverse possession of the same for more than 20 years; that the land was assessed to Mr. Hooper each year from 1893 to 1914, both inclusive, and he paid all taxes assessed against them amounting to $587.58, exclusive of interest thereon.

Defendants claim liens for taxes assessed against said land, based on mesne conveyances from the purchaser of tax titles of said land for the years 1865 to 1886, inclusive, except for the year 1875.

On the 24th day of February, 1887, Nelson B. Jones and James B. Porter, claiming to have an interest in said land by reason of the said tax sales, made a mortgage covering said land and other lands, to one Aaron J. Rayner, guardian, and by assignment the mortgage was transferred to defendants Aaron J. Rayner, Augusta Rayner, and Iva E. Bond, in whose names the record title now stands.

On the 20th day of March, 1899, Nelson B. Jones and wife and Eunice J. Porter, Will H. Porter, and Edgar S. Porter executed and delivered to Frank G. Kneeland a deed of said land, and on the 22d day of November, 1899, Nathan Church and wife and Clarence Church executed and delivered a deed of said land to said Kneeland, which deeds he caused to be recorded.

Defendants filed an answer in which it is said, among other things:

"And while these defendants admit that their claim is one which they would not be able to enforce by any suit for possession, they aver that it is one which is a lien and a cloud on the title of said lands which they have a right to retain *in statu quo* until such time as complainants or their successors in possession do

equity by paying the lawful tax liens held by these defendants with the lawful interest thereon. And these defendants further aver that any decree made by this court to quiet title and remove clouds should be made on the express condition that said complainants do equity by paying said tax liens with the said interest thereon."

The trial judge said upon the hearing:

"The only question in this case is whether the holder of an outlawed tax title has the right to insist that complainant may not have a decree quieting his title without payment of the tax."

The contention of appellant is stated by counsel as follows: We quote from the brief:

"And upon the trial of said case said defendants admitted that they were not contending that they had such title that they could come into court by suit in ejectment and acquire title, or that they could disturb possession of complainants, but merely asserted that when complainants come into court and ask for a decree quieting title, they ought to pay the taxes and accrued interest thereon, or, in other words, 'if they have the title cleared up, they must do equity.'"

A great many authorities are cited, but we do not think they support the contention of counsel.

When Mr. Woodward acquired his tax deeds from the auditor general for the taxes of 1888 and 1889, he and his grantees have been in possession and exercised acts of ownership over the premises for the time shown by this record, the mortgage and tax deeds of prior date were cut off. See section 11965, 4 How. Stat. (2d Ed.), and the many foot notes (3 Comp. Laws 1915, § 12302); *Cleland* v. *Casgrain*, 92 Mich. 139 (52 N. W. 460); *Schneider* v. *City of Detroit*, 135 Mich. 570 (98 N. W. 258); *Pence* v. *Miller*, 140 Mich. 205 (103 N. W. 582); *Flint Land Co.* v. *Fochtman*, 140 Mich. 341 (103 N. W. 813); *Carmell* v. *Parr*, 161

Mich. 429 (126 N. W. 835). See, also, section 1842, 1 How. Stat. (2d Ed.), 1 Comp. Laws 1915, § 4070, and section 14119, 5 How. Stat. (2d Ed.) 3 Comp. Laws 1915, § 12311.

The decree of the court below is affirmed, with costs to the plaintiffs.

KUHN, C. J., and STONE, OSTRANDER, BIRD, STEERE, BROOKE, and FELLOWS, JJ., concurred.