MAYABB *v.* GRAND TRUNK WESTERN
RAILROAD COMPANY.

1. Trial—Disagreement of Jury—Motion for Judgment by Both
Sides Without Reservation.

The trial court has the power to decide the issues where, although
a jury has been impaneled and disagreed, both sides have
moved for judgment without reservation as to right to trial
by jury if the respective motion were decided adversely, as
each party has waived the right to have any issue submitted to
the jury (CL 1948, §§ 691.691, 691.701).

2. Appeal and Error—Disagreement of Jury—Motion for Judg-
ment by Both Sides—Questions Reviewable.

On appeal from judgment for defendant, entered after jury
had disagreed and each side had moved without reservation
for judgment in its favor, the case is treated as though it
was a nonjury case and the matter for determination by the
Supreme Court is whether or not there was evidence from
which the trial judge could find for defendant (CL 1948,
§§ 691.691, 691.701).

3. Same—Motion for Judgment—Withdrawal or Modification of
Motion.

It was error for the trial court to permit plaintiff, after decision
of the case in favor of defendant upon its motion for judgment
after disagreement of the jury and each side had moved for
judgment, to withdraw or qualify his motion for judgment
(CL 1948, §§ 691.691, 691.701).

4. Railroads—Automobiles—Contributory Negligence—Question
of Fact.

The issue of contributory negligence of plaintiff motorist who
was injured in his collision with defendant's railroad engine
was properly determined to be a question of fact under the
evidence adduced, and trial court's decision for defendant
was not against the clear preponderance.

References for Points in Headnotes
[4] 5A Am Jur, Automobiles and Highway Traffic § 1028.
44 Am Jur, Railroads § 631.

Appeal from Macomb; Spier (James E.), J.  Submitted April 5, 1962.  (Docket No. 30, Calendar No. 49,310.)  Decided September 7, 1962.

Case by William F. Mayabb, Jr., by Twila J. Cronk, his guardian, against Grand Trunk Western Railroad Company, a Michigan corporation, for personal injuries sustained in collision of automobile and train.  Upon disagreement of jury, judgment for defendant entered on motion.  Plaintiff appeals. Affirmed.

*Carl M. Weideman, Jr.,* for plaintiff.

*Reinhardt A. Nank* and *Earl C. Opperthauser,* for defendant.

DETHMERS, J.  A collision occurred in broad daylight at a railroad crossing between a northbound automobile owned and driven by plaintiff and defendant's eastbound train.  Plaintiff was severely injured physically and rendered mentally incompetent.  From judgment for defendant, plaintiff appeals.

Plaintiff claims negligence on defendant's part in the following respects:  (1) failure to keep its right-of-way free from bushes and foliage obstructing the view between its train and plaintiff as he approached the railroad tracks; (2) failure to sound its whistle as train approached the crossing; (3) failure to maintain adequate signs warning of the location of the tracks; (4) failure to have train under control and running it at a speed greater than would permit stopping it within the assured clear distance ahead.

Defendant claims that plaintiff was guilty of contributory negligence in that, although he lived nearby and was familiar with the crossing and its loca-

tion, the embankment on which the railroad track was located could be seen from 1/4 mile south on the road, there was a cross-buck railroad crossing sign at the northwest corner of the crossing, though one was missing at the southeast corner, a standard railroad crossing approach sign was some 250 feet south of the crossing, and the whistle of the train was timely sounded, nevertheless, in spite of all that, he drove his car at from 40 to 50 miles per hour onto the railroad right-of-way and ran into the side of the cowcatcher attached to the front of the locomotive, which, defendant says, was traveling at a rate of 30 miles per hour.

Touching the above contentions, the chief conflict in the testimony relates to the blowing of the train's whistle.

The trial resulted in a jury disagreement and the jurors were discharged. Thereupon, counsel for defendant said he felt he was entitled to renew his earlier motion for a directed verdict under CL 1948, § 691.691 (Stat Ann 1959 Cum Supp § 27.1461), but that he now also moved for judgment upon the evidence and proofs taken, under CL 1948, § 691.701 (Stat Ann § 27.1471), applicable in cases of jury disagreement. No reservation was made by counsel for defendant, in connection therewith, as to right to trial by jury if the motion were decided adversely to him. Counsel for plaintiff then arose and said:

"If the court please, I would make the same motion on behalf of the plaintiff, that the evidence presented to the jury proved negligence as a matter of law; that the damages resulting therefrom and proximate cause were not contested.

"The only issue raised in argument was contributory negligence and that there was no evidence to substantiate that, and, therefore, move for directed verdict—rather, judgment for the plaintiff, and ask that the same jury be impaneled to assess damages."

He made no reservation in connection therewith.

These motions having been made, the court announced that the motion for judgment on the evidence as made by defendant under CL 1948, § 691.701 (Stat Ann § 27.1471), was granted on the basis of the evidence and proofs taken, and also that defendant's original motion for directed verdict "should have been granted and is now granted" because plaintiff was guilty of contributory negligence as a matter of law.   Thereafter, plaintiff's counsel said that he had not intended, by his motion, to waive his right to jury trial but to reserve it.   The court then permitted plaintiff's counsel to withdraw his motion for judgment, and viewed the case as decided as a matter of law on defendant's motion for a directed verdict.   From the court's permitting plaintiff thus to withdraw his said motion or, in effect, to place a qualification on it after the court had decided the case on the merits, defendant cross-appeals.

A controlling question may be considered to be whether, on this appeal, review is as on a trial without jury to determine whether judgment below is against the clear preponderance of the evidence or is as from a directed verdict or judgment *non obstante veredicto* for defendant with plaintiff entitled to have the evidence viewed here in the light most favorable to him.

Defendant cites *Cardinal* v. *Reinecke,* 280 Mich 15, and *Shiovitz* v. *New York Life Ins. Co.,* 281 Mich 382, for the proposition that when both parties, without reservation, move for directed verdict and a verdict is directed, the case is to be considered as having been left for court decision on the facts, but if either party makes reservation of right to go to a jury, there is no waiver by either.

Plaintiff, in turn, cites *Kane* v. *Detroit Life Insurance Company,* 204 Mich 357; *Burkheiser* v.

*City of Detroit,* 270 Mich 381; and *Arnold* v. *Krug,* 279 Mich 702, as holding that submission by a party of requests to charge negatives his intent to waive a jury trial in making a motion for directed verdict. Also cited is *In re Frazee's Estate,* 307 Mich 404, in which counsel's motion for directed verdict was accompanied by the statement that he hoped that the court would submit the case to the jury without indicating how it felt on certain matters. This Court held that that amounted to a reservation of right to jury trial.

In *Mellios* v. *Dines,* 341 Mich 175, 181, this Court said:

"When, at the close of all testimony, plaintiff made a motion for a directed verdict, and defendants renewed their previous motion for a directed verdict, the court then had the power to decide the issues, as at that time neither motion had any conditions or qualifications attached to it. Subsequently defendants attempted to qualify their motion, but by arguing the cause to the trial court, they waived the right to submit any issue to the jury. Defendants are now estopped to claim that their motion was qualified."

Applicable here is the following from *Long* v. *Dudewicz,* 355 Mich 469, 472, 473:

"We do not have the usual case of a motion by defendant for a directed verdict or a motion *non obstante veredicto,* but a situation where both parties unconditionally asked for a directed verdict in their favor. Both parties having asked for a directed verdict, counsel cannot now complain that there was an issue of fact for the jury. The court properly dismissed the jury and considered both the issues of fact and law. Plaintiff, the loser in this case, cannot renege. *St. Mary's Power Co.* v. *Chandler-Dunbar Water-Power Co.,* 133 Mich 470; *Culligan* v. *Alpern,* 160 Mich 241; *Germain* v. *Loud,* 189 Mich 38; *Kyselka*

v. *Northern Assurance Co.,* 194 Mich 430; *City National Bank* v. *Price's Estate,* 225 Mich 200; *West* v. *Newton,* 229 Mich 68; *Mills* v. *Anderson,* 238 Mich 643.

"In the case of *City National Bank* v. *Price's Estate,* 225 Mich 200, 212, Justice Steere, writing for the Court, said:

" 'While there may be room for conflicting inferences from this testimony, both parties without reservation requested a directed verdict and put it up to the court to pass upon whatever the record presented. There was, therefore, no error in the court's assuming to do so. *Culligan* v. *Alpern,* 160 Mich 241; *Germain* v. *Loud,* 189 Mich 38; *Kyselka* v. *Northern Assurance Co.,* 194 Mich 430.'

"In *Kyselka* v. *Northern Assurance Co.,* 194 Mich 430, 439, 440, Justice Brooke, writing for the Court, said:

" 'In the light of the dialogue which occurred between the court and counsel for both parties at the conclusion of the case, we are of opinion that counsel cannot now complain even if in the determination by the court a question of fact was involved. *Culligan* v. *Alpern,* 160 Mich 241; *Germain* v. *Loud,* 189 Mich 38.'

"A similar situation to the instant case is reported in *Germain* v. *Loud,* 189 Mich 38, where Justice Ostrander said (p 44):

" 'While, perhaps, different minds might be differently affected by the testimony which is substantially undisputed—different minds might draw different inferences—counsel for both parties requested the court to decide the controlling question, and it was not error for the court to do so. *Culligan* v. *Alpern,* 160 Mich 241.'

"We find the lower court in this instance, in view of the motions of both counsel, acting at the conclusion of proofs in the same capacity he would have acted had the case been tried before him without a jury.

"In our review on this appeal we find ourselves in the position of determining whether or not there was evidence from which the trial judge could find for the defendant."

In view of the motions of both parties, made without reservations, the case was properly before the court as finder of the facts when he decided it on the merits. As stated in *Long,* above, after that decision was made plaintiff could not renege, seek a jury trial and have another crack at it. He cannot be permitted to play fast and loose with the court by consenting, in effect, to decision on the facts by the court until such decision is made adversely to him and then seeking to withdraw such consent and to go once again to a jury. Strangely enough, plaintiff still argues in his brief on appeal that he is entitled to a holding here that as a matter of law defendant was guilty of negligence which was a proximate cause of plaintiff's injury and that he was free from contributory negligence as a matter of law and that the cause be remanded for submission to a jury solely on the question of damages. That is precisely what he asked for in making his motion for judgment.

The fact that the parties submitted requests to charge before the case was submitted to the jury does not serve to bring the case within the meaning of *Kane, Burkheiser,* and *Arnold,* above, because here the case had already been submitted to the jury under the court's instructions and the jury had already been discharged when plaintiff's motion was made. He could not, at that time, in moving for a judgment, be considered to have indicated an intent to reserve right to jury trial and to have negatived his intention to waive a jury solely by reason of his previous requests to charge offered before submission of the case to the jury and before its disagreement and subsequent discharge.

The trial court erred in permitting plaintiff, after decision of the case, to withdraw or qualify his motion for judgment.

Our remaining question, then, is whether the court's finding plaintiff guilty of contributory negligence, not only as a matter of law, but also as a matter of fact, is against the clear preponderance of the evidence. The positive testimony of the engineer of having blown the whistle and of disinterested witnesses that they heard it, opposed by negative testimony of others in the vicinity that they had not heard it, testimony concerning the presence of such warning signs as were there, of visibility of the embankment 1/4 of a mile distant on the road, and of plaintiff's familiarity with the surroundings and location of the track combine to leave the entire question of his contributory negligence one of fact, as to which the court's decision was not against the clear preponderance.

Under the above holding, questions concerning rulings on admissibility of evidence and instructions need not be considered.

Affirmed. Costs to defendant.

CARR, C. J., and KELLY, OTIS M. SMITH, and ADAMS, JJ., concurred with DETHMERS, J.

BLACK, J. (*concurring*). To demarcate the practice pursued below, the better to record with accuracy the procedural nature of decision here, it should be noted that defendant made due motion for directed verdict at close of proofs and, with its motion, pointedly requested that decision of such motion be reserved in event of denial; whereupon the trial judge announced that defendant's said motion was denied with right of defendant to renew it later

under the statute.[1] (The judge referred, of course, to the Empson act.[2])

Thus, the jury having been discharged for disagreement, and there having been no verdict against the moving party, the case was left subject to retrial or motion by either party—and determination thereof—for judgment under the act of 1927 (CL 1948, § 691.701 [Stat Ann § 27.1471]).[3] Such normal practice was not, however, pursued by the parties. Instead, and immediately following discharge of the jury, each party moved for judgment in his or its favor under and in accordance with these conditions:

*"Mr. Nank [for defendant]*: If the court please, the defendant moves the court for directed verdict at this time pursuant to the provisions of the statute which provide for such a move to be made after a jury has disagreed and been discharged. I can find the section if Your Honor wishes me to.

"Perhaps you are quite familiar with it. It provides at any time within 60 days after the jury has been discharged the motion for a directed verdict can be made, and the court can act upon it. I don't know whether it is the court's pleasure to listen to such a motion at this time, or whether he wishes to notice it for hearing and present argument to the court. We are prepared to argue if that meets with Your Honor's pleasure at this time.

*"The Court:* What is counsel's pleasure at this time?

*"Mr. Weideman:* Well, frankly, Your Honor, I think that—

*"The Court:* You want to argue now?

*"Mr. Weideman:* We are all as familiar with it now as we ever will be, unless the record is tran-

[1] Whether plaintiff made like motion during trial is not shown. I assume he made no such motion prior to discharge of the jury.

[2] CL 1948, § 691.691 *et seq.* (Stat Ann and Stat Ann 1959 Cum Supp § 27.1461 *et seq.*).—REPORTER.

[3] For difference of practice under the Empson act and the disagreement statute, see *Central Electric Co.* v. *LeMoine,* 263 Mich 117.

scribed, and, I think, Your Honor's opinion probably more particularly.

"*The Court:* I would like to check on the authority. You are asking for granting of the motion which I reserved judgment on, and not the—

"*Mr. Nank:* This is separate statutory section.

"*The Court:* Not Empson act judgment notwithstanding the verdict?

"*Mr. Nank:* No, this is—we feel we are entitled to renew our earlier motion for directed verdict as made at the close of all the proofs, but now that the jury has been discharged the statutory section that provides for directed verdict by the court also comes into bearing.

"*The Court:* Let's check the statute on it.

"*Mr. Nank:* I will be glad to look for it. It will only take a minute.

"Thereupon the court and counsel adjourned to the court's chambers, shortly returning to the courtroom.

"*Mr. Weideman:* If the court please, I would make the same motion on behalf of the plaintiff, that the evidence presented to the jury proved negligence as a matter of law; that the damages resulting therefrom and proximate cause were not contested.

"The only issue raised in argument was contributory negligence and that there was no evidence to substantiate that, and, therefore, move for directed verdict—rather, judgment for the plaintiff, and ask that the same jury be impaneled to assess damages, and I would also serve notice that is provided in the statute and Mr. Nank goes on the assumption he did serve notice on my motion, and let the court decide the both matters now.

"*Mr. Nank:* Defendant will waive the plaintiff's motion.

"*The Court:* Well, motion for judgment on the evidence will be granted.

"*Mr. Weideman:* To whom, sir?

"*The Court:* Judgment will be granted of no cause for action for the reason that, (1) as a matter of

law I don't believe there was proof of any negligence on the part of the defendant, and, (2) that there was contributory negligence on the part of the plaintiff.

"*Mr. Weideman:* As a matter of law?

"*The Court:* As a matter of law. You prepare the judgment. This judgment—I am getting confused in my statement here.

"*Mr. Nank:* I am sorry, Your Honor.

"*The Court:* First, the court reserved a ruling on the motion for directed verdict made by the defendant. That was done, in addition to the reserving the right to enter judgment notwithstanding the verdict. I will now rule on the motion that was made by defendant at the close of the case for a judgment for the defendant on the grounds that the plaintiff was guilty of contributory negligence, as a matter of law. That motion should have been granted and is now granted.

"I also hold that, in view of the disagreement of the jury, and the motion now having also been made —* * * [CL 1948, § 691.701 (Stat Ann § 27.1471)] —I don't know the status right now of the matter because both parties have made that motion—but I do say that under that statute, and on the basis of the evidence and proofs taken the court enters a judgment of no cause for action.

"Now, that disposes of it in 2 ways, both the ruling on the prior motion you made and ruling on the motion you have now made under this statute. That is all I need on the record on this last motion.

" "*Mr. Weideman:* So that the record be clear, sir, my motion, and I believe defendant's motions, were each based upon a proposition that, as a matter of law, the court should rule one way or the other, and clearly it was not and is not my intention to argue the question of fact to Your Honor. This is a right which the plaintiff did reserve his trial by a jury, and my motion was one purely that, as a matter of law, I felt plaintiff was entitled to judgment, just as defendant did. I didn't want the question whether

or not the factual situation was to be submitted to
Your Honor to be raised later.

"*The Court:* I am not sure whether motion by
both parties under this statute doesn't take it away
from jury trial.

"*Mr. Nank:* I am uncertain in that respect.

"*The Court:* I am fearful it might seem as though
you had both made it at the close of the proofs before
it went to the jury. I think that takes it away from
the jury. I don't think you intended that.

"*Mr. Weideman:* I certainly didn't and I would
like the record to show reservation in that regard.

"*The Court:* I don't think the plaintiff intended to
bring that about. Defendant made motion and I
granted it and judgment is entered on the basis of
the evidence and proofs taken."

Even if we were to extend, to post trial proceed-
ings as portrayed above, the analogy of cases hold-
ing that unconditional and conflicting motions for
*directed verdict* (made when a jury is still around
to *receive direction*) operate as waiver of jury trial,
I nevertheless find in the foregoing colloquy good
reason for holding that plaintiff did not, as claimed,
waive whatever right to jury retrial he possessed as
of discharge of the jury. For apt reason I go back
to the genesis of the waiver rule and, employing it
as a guide, submit that plaintiff did promptly "set
the judge right" respecting his motion; also that the
trial judge expressly agreed with plaintiff that there
was no waiver and that his decision to enter judg-
ment for defendant was upon the law applicable to
the case and that only. In short, Judge Spier defi-
nitely ruled that defendant was entitled to judgment
as a matter of law. No decision upon the facts was
made, as the judge made clear.

Refer now to *St. Mary's Power Co.* v. *Chandler-
Dunbar Water-Power Co.*, 133 Mich 470, 478, 479.
There, both parties having unreservedly moved for
a directed verdict, the trial judge proceeded to take

the case from the jury and enter judgment for the defendant. On plaintiff's appeal it was held (p 479):

"It does not appear that an exception was taken at the time, or that the court was informed that he was in error in understanding that plaintiff did not claim the right to go to the jury on the question of fact. The plaintiff owed it to the judge to set him right about this, if he was wrong, and, not having done so, cannot now ask a reversal upon that ground."

The *St. Mary's Case* is, as indicated, the root of the rule of waiver. When the opposite is shown, that is, that the appellant seasonably made it clear to the trial judge that he by his motion did not waive right to a verdict of the jury, there is no waiver. The list of cases and quotations taken by Justice DETHMERS from *Long* v. *Dudewicz,* 355 Mich 469 recognize this, as does *Arnold* v. *Krug,* 279 Mich 702, in which latter case the following appears (p 706):

"It follows also that one may reserve his right to go to the jury, on denial of his motion to direct, by any definite claim to the court to that end, made upon the record. The reservation need not be by written request to charge."

If this be so far right, there remains the original question: Whether the trial judge erred in entering judgment for defendant under the disagreement statute. I agree with Justice DETHMERS that the judge did not err in entry of such judgment, but for different reasons. The purely negative testimony which was offered in support of plaintiff's charge that the engine's whistle was not blown, per statute, did not rise to the dignity of sufficient proof under the rule of *Dalton* v. *Grand Trunk W. R. Co.,* 350 Mich 479. Furthermore, plaintiff's remaining proof failed, as a matter of law, to establish that other

acts charged as actionable negligence were causally connected with this grade crossing collision.

I concur in affirmance.

KAVANAGH and SOURIS, JJ., concurred with BLACK, J.