RANSON *v.* WESTON.

1. REAL-ESTATE AGENTS—RIGHT TO COMMISSION—SALE BY PRINCIPAL.

An agent for the sale of lands is entitled to his commission if he secures a purchaser therefor, although the principal, who completes the sale, includes therein lands which the agent had no authority to dispose of.

2. APPEAL—MISSTATEMENT IN CHARGE—OBJECTIONS.

Where the attention of the trial court is not called to an alleged misstatement of fact in its instructions to the jury, an assignment of error based thereon will not be considered.

3. SAME—ASSIGNMENTS OF ERROR—SUFFICIENCY.

An assignment of error upon the admission of correspondence in relation to specified transactions will be disregarded, where a large number of letters were introduced, and those to which reference is had are not pointed out in the briefs of counsel.

4. SAME—EVIDENCE—SUFFICIENCY OF OBJECTIONS.

An objection to the admission of certain correspondence as "incompetent and immaterial," and a subsequent motion to strike all letters concerning certain negotiations from the record, without pointing out what portions of such letters are objectionable, are too general for consideration on appeal.

Error to Wayne; Donovan, J. Submitted June 17, 1896. Decided July 21, 1896.

*Assumpsit* by David J. Ranson against Abijah Weston for commissions on the sale of real estate. From a judgment for plaintiff, defendant brings error. Affirmed.

In 1893 the defendant owned several tracts of pine land in Luce county, in townships 46 and 47, range 11 west, and in 46 and 47, range 12 west, comprising in all about 20,000 acres.   October 2d, plaintiff, a land looker, and agent for the sale of lands on commission, wrote to defendant, soliciting the power to sell these lands upon a commission of 5 per cent.   After considerable correspondence, defendant wrote plaintiff, authorizing him to sell the land in towns 46 and 47, range 11 west, for $100,000. All the negotiations were by letter, except one interview with defendant's agent, Mr. Fox, to whom defendant referred plaintiff as having authority to act for him in his absence.   Among the parties to whom plaintiff was trying to sell these lands was the Danaher & Melendy Company.   This company desired to purchase all the defendant's lands, but did not desire to purchase a part. About the middle of November, plaintiff had employed one Gibson to work up a sale to this company.   On December 23d, defendant wrote plaintiff, "I have left the business with A. J. Fox, No. 63 Alfred St., Detroit, while I am gone."   December 28th, plaintiff went to Detroit to see Mr. Fox.   The situation and the commission were discussed.   Plaintiff testified that Mr. Fox told him that this company would not buy unless it bought the whole tract; that it was his opinion to sell the whole tract to it, —and told plaintiff to do the best he could, and he should advise Mr. Weston to sell it.   Plaintiff continued his negotiations with this company until January 16th, when he received a telegram from Mr. Fox, stating that he had sold the entire tract of Weston lands.   On January 5, 1894, Mr. Fox wrote Danaher:

"If I could see you a little while, I might, perhaps, bring about a trade for you with Mr. Weston.   *   *   * Mr. Weston has a cash offer for the eastern portion of the land, which he is inclined to accept; but I have suggested to him that, if the whole tract is to be sold at all, it would be better to let it go to you in a lump.   *   *   *

You need pay no attention to letters from land agents about this property."

Mr. Fox admitted that the land agents referred to were plaintiff and Mr. Gibson. In reply to this letter, Mr. Danaher went to Detroit, and purchased the entire tract. This suit was instituted to recover 5 per cent. commission on $100,000, upon the land which plaintiff was authorized to sell. He recovered verdict and judgment.

*C. A. Kent*, for appellant.

*E. S. B. Sutton* (*Moores & Goff*, of counsel), for appellee.

GRANT, J. (*after stating the facts*). 1. The learned counsel for the defendant insists that the court should have directed a verdict for the defendant, for the reason that plaintiff had not effected a sale, and that there was no evidence that he secured the purchaser, the Danaher & Melendy Company. Defendant took the advantage and received the benefit of the plaintiff's examination and estimate of the value of his lands. On December 21st his agent, Mr. Fox, wrote Danaher, who represented the company, as follows:

"He [Weston] has had them carefully examined and estimated recently by Mr. D. J. Ranson. Mr. Ranson can give you full information in regard to them, if you care to correspond with him."

Defendant knew that plaintiff was negotiating with these parties. He did not withdraw the authority which he had given the plaintiff to negotiate the sale, until he himself had made the sale. The case is within the rule of *Heaton* v. *Edwards*, 90 Mich. 500, unless the fact that the other lands, which plaintiff was not authorized to sell, were included in the sale, takes this case without the rule of that case. There was evidence

· from which it may fairly be inferred that the efforts of plaintiff influenced the sale. Mr. Fox, whose acts bind the defendant, must certainly have understood that plaintiff was negotiating with the Danaher Company; and the conclusion was reasonable that the purpose of that letter was to prevent plaintiff from receiving his commission, by negotiating the sale himself for Mr. Weston. There is evidence, also, from which it can be inferred that the lands which plaintiff had for sale were of the value of $100,000, and that they were therefore included in the sale at that amount. We think the question was properly left to the jury-to decide, whether the plaintiff was instrumental in procuring the purchase, and that the defendant could not avoid liability by including other lands in the sale to the purchaser with whom plaintiff was negotiating.

2. Complaint is made of the charge of the court that "there is no dispute about the commission, if you come to that matter, for the commission is agreed upon to be 5 per cent. on the $100,000." This statement was not challenged by the defendant at the time. If it was error, it was the duty of the counsel to then call the attention of the court to it. *Farmers' Mut. Fire Ins. Co.* v. *Gargett*, 42 Mich. 295.

3. Error is also alleged in the admission of the correspondence as to negotiations with other parties than the final purchaser. Counsel has not pointed out in his brief those portions of the correspondence to which he refers, and` we do not feel called upon to perform that labor. The letters are 40 in number, and the bill of exceptions states that they were received in evidence "subject, in each case, to objection for incompetency and immateriality;" that, at the close of the evidence, counsel made a motion to strike from the record all letters introduced by plaintiff concerning negotiations with other parties than the Danaher & Melendy Company, and that the motion was denied. The objection to their admission was not sufficiently specific. It was the duty of counsel, in mak-

ing the motion, to point out what portions of the letters were objectionable.

The judgment is affirmed.

The other Justices concurred.