WEBB et al. v. HARDING et al.
(No. 53—2732.)

(Commission of Appeals of Texas, Section A.
May 28, 1919.)

1. BROKERS ⚫═82(4)—ACTION FOR COMMISSION
—PLEADING AND PROOF.

No actual sale having been consummated, the broker who sues for commission must allege and prove that he procured a purchaser ready, able, and willing to purchase at the price and upon the terms provided in the contract between himself and the owner.

2. BROKERS ⚫═57(2)—COMPENSATION—SUFFI-CIENCY OF SERVICES.

Where a broker procures a purchaser, and the owner voluntarily reduces the price, or sells upon different terms from those provided in the contract with the broker, the sale being consummated at the price and upon terms satisfactory to the owner, the broker is entitled to recover upon the contract.

3. BROKERS ⚫═57(2)—COMPENSATION—SUFFI-CIENCY OF SERVICES.

The mere inclusion of a small additional acreage voluntarily upon the part of defendants cannot defeat the right of plaintiffs to recover commissions for the sale of the lands so listed with them to a purchaser procured by them.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by H. C. Harding and others against Sidney Webb and others. Judgment for plaintiffs was affirmed by the Court of Civil Appeals (159 S. W. 1029), and defendants bring error. Affirmed.

Robt. A. John, of Houston, R. E. Taylor, of Henrietta, and J. M. Wagstaff, of Abilene, for plaintiffs in error.

Sayles, Sayles & Sayles, of Abilene, Cooper & Merrill, of Houston, and R. R. Hazelwood, of Amarillo, for defendants in error.

SONFIELD, P. J. H. C. Harding and others, plaintiffs, recovered judgment against Sidney Webb and others, defendants, for commissions for the sale of certain lands owned by defendants. On appeal the Court of Civil Appeals affirmed the judgment of the district court, Mr. Justice Dunklin dissenting. 159 S. W. 1029.

Defendant Sidney Webb listed the lands, aggregating some 88,000 acres, with plaintiffs, to be sold at $4 per acre, plaintiffs to receive 5 per cent. commission in the event they procured a purchaser at such price. Plaintiffs entered into negotiations for the sale of the lands to R. B. Masterson. Pending such negotiations, defendants sold the lands direct to said Masterson at the rate of $3.75 per acre.

Under the general charge, the jury were instructed that plaintiffs could not recover unless they were the procuring cause of the sale, and, further, that the lands having been sold at a price less than that at which they were to be sold by plaintiffs, there could be no recovery, unless the reduction in price was made by defendants in order to deprive plaintiffs of their commission.

The court, at the request of plaintiffs gave to the jury a special charge in effect instructing that, if Sidney Webb listed the lands with plaintiff for sale, and reserved the right for himself and codefendants to sell said lands, and if the jury believed that defendant Webb agreed that defendants would not employ other agents to sell said land, and the efforts of plaintiffs' were the procuring cause of the sale, verdict should be for the plaintiffs. Error is assigned to the giving of this charge.

Defendants pleaded that Masterson, the purchaser, declined to purchase, unless other lands, not then owned by defendants, were included, and defendants were compelled under the contract with Masterson to purchase such other lands. There was evidence that the purchaser insisted upon the inclusion of such other lands, aggregating about 1,200 acres. The evidence was conflicting as to whether such lands were then owned by defendants. Defendants requested the court to charge that, if Masterson would not have purchased without the inclusion of such other lands, the verdict should be for defendants. This charge was refused; and error is assigned to this action of the court.

Writ of error was granted herein because the court was inclined to the view that there was error in giving the special charge above mentioned at the request of the plaintiffs.

Two objections are urged to the special charge: (1) There was no evidence that a sale could have been made upon the price at which it was listed with plaintiffs, and if defendants reduced the price of the land in good faith, whereby a sale was effected, there could be no recovery of commissions; and (2) the land being sold by defendants at a price less than that at which it was listed, the sale being made to a purchaser procured by plaintiffs, a recovery could not be based upon the contract, but could be had only upon a quantum meruit.

In view of the recent decision by the Supreme Court in Goodwin v. Gunter, 185 S. W. 295, on motion for rehearing 195 S. W. 848, we deem it unnecessary to discuss the construction placed upon this special charge by the Court of Civil Appeals. The above-cited case was pending in the Supreme Court at the time writ of error was granted herein. The principles of law so clearly and forcibly enunciated in that case are applicable herein, making untenable the objections urged to the special charge.

In that case it was definitely determined that, if the broker was the procuring cause

⚫═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of the sale, the sale being made by the owner direct at a reduced price, pending negotiations between the broker and such purchaser, the broker is entitled to recover upon the contract the commissions therein provided; the motives actuating the owner in so reducing the price being wholly immaterial. In the course of the original opinion (185 S. W. 295) Mr. Chief Justice Phillips said:

"It is a general doctrine that, in order for a broker to be entitled to commissions under a contract stipulating for their payment, in the event of his sale of given property upon stated terms, a purchaser must have been produced through his efforts ready, willing, and able to buy the property upon the contract terms; otherwise the contract is not fulfilled upon the broker's part, and the commissions therefore are not earned. But the commissions are earned and the broker is entitled to their payment according to the contract if, while it is in force, he procures a purchaser to whom the owner directly makes a sale upon terms which are satisfactory to himself, though different from those limited to the broker and yielding the owner a less amount than that for which the broker was empowered to sell. This is but a rule of fairness and right. In such case the owner receives the full benefit of the broker's effort. Through the diligence of the broker a buyer is produced. Having interested a prospective buyer, the broker is entitled to a fair opportunity of making a sale to him upon the terms authorized. That the owner, pending the broker's negotiation, may, in disregard or repudiation of his obligation to respect the broker's right to conclude the transaction, take the matter into his own hands, avail himself of the broker's effort, close a sale upon satisfactory terms, and yet deny the broker's right of compensation, is a proposition not to be countenanced. It is no answer in such a case to say that a purchaser has not been produced by the broker ready, able, and willing to buy upon the terms limited by the contract, and the owner is therefore free to deal with the buyer, though produced by the broker, without any liability to the latter. That becomes unimportant in the face of the outstanding fact that it is by the broker the buyer is produced, and, before his negotiation is concluded, a sale is made, as the result of his effort, which is presumably just as satisfactory to the owner. The owner will therefore be deemed, in such a case, to have waived the terms to which the broker was confined, and the law declares him liable for the commissions fixed by the contract for the reason that, except as to such waived provisions, the broker's part of the contract has been fully performed. The decisions of this court clearly affirm this principle. It is recognized generally elsewhere; and nothing else could well be the law."

And again, upon motion for rehearing, the Chief Justice said:

"As held in the original opinion, 185 S. W. 295, Goodwin, in the state of the pleading at the time of the trial, was entitled to recover his commissions, though the sale made to Lindsley by Judge Bliss as Mrs. Gunter's agent was for a price per acre less than the land had been listed to Goodwin, provided it was true as a matter of fact that his efforts through Witwer were responsible for the negotiation between Judge Bliss and Lindsley. In this holding we but apply the established rule that in a case of this character the broker is not deprived of his right to his stipulated commission by the circumstance that a sale of the property is made for a price less than as limited to him, if he in fact procures a prospective purchaser with whom directly, pending his own negotiation, the principal, with knowledge that such negotiation is pending, concludes the sale upon terms satisfactory to himself; it appearing from the evidence that Goodwin's negotiation, through Witwer, of a sale of the land to Lindsley had not been concluded when the sale made to the latter by Judge Bliss was agreed upon, and that Judge Bliss had notice at the time of Goodwin's claim to a commission in the event of a sale to Lindsley. It was therefore our view that the only question in the case was whether Witwer's efforts were the procuring cause of the purchase being taken up by Lindsley directly with Judge Bliss."

[1, 2] In those cases where a broker sues for commissions, no actual sale being consummated, he must allege and prove that he had procured a purchaser ready, able, and willing to purchase at the price and upon the terms provided in the contract between the broker and owner. This is necessary to establish compliance with his contract, and there must be no variance in price or terms from those provided in his contract with the owner. Where, as in the case at bar, the broker procures a purchaser, and the owner voluntarily reduces the price, or sells upon different terms from those provided in his contract with the broker, the sale being actually consummated at a price and upon terms satisfactory to the owner, the broker is entitled to recover upon the contract. The contract between plaintiffs and defendants herein was that plaintiffs procure a purchaser for a certain price and upon certain terms. Such purchaser was procured. The defendants had the right to waive the stipulated price and terms, and change and alter the same; but this did not in any wise affect the plaintiffs' right to their commissions; they having performed their part of the contract.

The jury having found that plaintiffs were the procuring cause of the sale, the fact that the sale was made by the defendants at a reduced price does not defeat plaintiffs' right of recovery upon the contract.

[3] What has been said with reference to the reduction in price applies with equal force to the inclusion of other lands. Plaintiffs procured the purchaser. There was no abandonment on their part. There was no revocation of agency. The 88,000 acres placed in their hands for sale were sold to the purchaser so procured by them. It was within the right of defendants to decline to sell upon the condition of the inclusion of other lands, in which event there would be no liability to plaintiffs. The mere inclusion of this small additional acreage, voluntary upon

the part of defendants, cannot defeat the right of plaintiffs to recover commissions for the sale of the lands so listed with them to a purchaser procured by them. Ranson v. Weston, 110 Mich. 240, 68 N. W. 152; French v. McKay, 181 Mass. 485, 63 N. E. 1068.

As stated in Goodwin v. Gunter, supra:

"A different state of case is presented, and therefore a different rule prevails, where the broker's effort with a particular buyer has, after fair opportunity and without any fault of the owner, come to naught, resulting in the failure and termination of his negotiation; and later, the owner by direct and independent negotiation, effects a sale to the same buyer, though upon the same terms originally authorized to the broker. Under such circumstances the broker cannot be justly considered the procuring cause of the owner's sale, and the latter incurs no liability to him on that account."

Of course, the same principle would apply if the sale were subsequently made to such purchaser at a different price, or upon different terms.

We are of opinion that the judgment of the Court of Civil Appeals affirming the judgment of the district court should be affirmed.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.