## BROWN *v.* HOJNACKI.

1. COVENANTS—CONSTRUCTION.

Restrictive covenants as to the use of land should be strictly construed and all doubts resolved in favor of the free use of property.

2. CONTRACTS—CONSTRUCTION—EJUSDEM GENERIS.

When general words follow definitely expressed limitations in a contract or restriction the general words should be construed as applicable to subjects *ejusdem generis.*

3. COVENANTS—CONSTRUCTION—INTENT.

Rules of construction as to restrictive covenants in conveyances of land should not be applied in such a way as to defeat the plain and obvious purposes of a contractual instrument or restriction.

4. Same—Construction—Surrounding Circumstances.

    Restrictive covenant as to the use of land is to be construed in connection with the surrounding circumstances at time it was made, location and character of the entire tract of land, whether the purpose of the restriction was for the sole benefit of the grantor or for grantee and subsequent purchasers, and whether it was in pursuance of a general building plan for development and improvement of the property.

5. Same—Masseur—Business Restrictions.

    Use of property by contract vendee for premises upon which the business or profession of a masseur is conducted *held*, in violation of restrictive covenant as to subdivision providing that "no * * * business house of any kind; no asylum, hospital or institution of like or kindred nature shall be maintained on any portion of said land by any grantee."

Appeal from Ingham; Carr (Leland W.), J. Submitted January 15, 1935. (Docket No. 85, Calendar No. 38,192.) Decided March 5, 1935.

Bill by James Brown and others against Felix Hojnacki and wife, and Capitol Savings & Loan Company, a Michigan corporation, to enjoin the violation of building restrictions. From decree for plaintiffs against defendants Hojnacki, they appeal. Affirmed.

*Hayden, Hubbard & Rathbun* (*Robert T. Arvidson,* of counsel), for plaintiff.

*Cummins & Cummins,* for defendants.

North, J. This is a suit in equity by which plaintiffs seek to enjoin defendants from an alleged violation of restrictions covering lots composing McPherson's Saginaw street addition in the city of Lansing, Michigan. Defendants Felix Hojnacki and wife are the contract vendees and the defendant Capitol Savings & Loan Company is the owner in fee and

the contract vendor of a corner lot in this addition. Plaintiffs Brown own the property adjoining on the west and plaintiffs Miers own the property adjoining on the north. The restriction sought to be enforced reads:

"No shop, factory, store, saloon, or business house of any kind; no asylum, hospital or institution of like or kindred nature shall be maintained on any portion of said land by any grantee."

Defendant Hojnacki is a masseur and uses the residence on the corner piece of property in which to carry on his business. He holds himself out as competent to treat persons afflicted with paralysis, nervousness, rheumatism, skin diseases, sinus trouble and like ailments. Incident to his work Hojnacki caused a large sign to be erected on the front of the premises by which his business was advertised. In his work he is assisted by employees. He does not reside upon the premises himself, but he has a tenant who lives in the second story. There is testimony from which it appears that as a result of Hojnacki's carrying on his business with the public generally· a large number of people from day to day visit his place of business and are treated by him. Some of these people come in public conveyances, some in wheel chairs and some on crutches. Many of the patients are crippled and disabled persons. Some are carried in by persons accompanying them. Incident to the treatments administered alcohol and oils, followed by hot applications, are used. This necessitates the use of towels in large quantities and these become saturated with the rubbing oils, etc. Plaintiffs' witnesses testified that the odor of the oils used was very offensive, but on the other hand some of defendants' witnesses found it pleasing. The method of treatment necessitates the launder

of a large number of towels which are hung on lines for drying at the rear of the premises when weather conditions permit. So far as disclosed by the testimony none of the other property composing this addition is used for the purpose of carrying on commercial or professional business. There is a doctor's office, also a music studio and a filling station not far distant from this property, but none of these is located on the McPherson addition.

The injunctive relief sought was granted in the circuit court as against defendant Felix Hojnacki. As to the other defendants the bill of complaint was dismissed. Hojnacki has appealed. It is his contention that the restrictions which are pertinent to this addition do not forbid the carrying on of his business. He stresses the contention that the restrictions should be strictly construed and all doubts resolved in favor of the free use of property; and he also urges the rule that when general words follow definitely expressed limitations in a contract or restriction the general words should be construed as applicable to subjects *ejusdem generis*. The applicability of these rules of construction need not be questioned; but on the other hand they should not be applied in such a way as to defeat the plain and obvious purposes of a contractual instrument or restriction.

"If we were to consider only the precise language of the covenant, we might agree with the contention of the defendant, but under the circumstances of this case the rights of the parties are not to be determined by a literal interpretation of the restriction. *It is to be construed in connection with the surrounding circumstances, which the parties are supposed to have had in mind at the time they made it, the location and character of the entire tract of land,*

*the purpose of the restriction, whether it was for the sole benefit of the grantor or for the benefit of the grantee and subsequent purchasers, and whether it was in pursuance of a general building plan for the development and improvement of the property.'' Library Neighborhood Ass'n v. Goosen, 229 Mich. 89.*

If the restriction in the instant case is construed in accordance with the rule announced by this court in the *Library Neighborhood Ass'n Case,* it seems too plain for argument that the business which defendant Hojnacki is carrying on is violative of the restriction. In the development of the McPherson addition the construction placed upon this restriction has been that it required use of the property primarily for residential purposes and to the exclusion of ordinary commercial and professional business. Both plaintiffs Brown and Miers expended substantial sums of money in developing their respective properties for residential purposes in reliance upon the restrictions; and each of these properties were so developed eight or ten years before defendant Hojnacki became a contract vendee of the corner property. In the meantime the development and use of the addition seems to have been strictly residential and the restrictions were a matter of record. As noted above, we think the testimony clearly establishes that Hojnacki's use of the premises in question is a use for business purposes in violation of that portion of the restriction which provides that "no * * * business house of any kind * * * shall be maintained on any portion of said land by any grantee.''

The decree entered in the circuit court is affirmed, with costs. Affirmance herein is without prejudice to the right of the trial court upon application to

grant a reasonable time within which defendant Hojnacki may remove his business from said premises.

POTTER, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred. NELSON SHARPE, J., did not sit.