PHILLIPS *v.* INTER-CITY TRUCKING SERVICE, INC.

AUTOMOBILES—REAR-END COLLISION—CONTRIBUTORY NEGLIGENCE—STOPPING WITHIN RANGE OF VISION—NIGHTTIME—PARKED TRAILER. Motorist who saw red lights and flares on 4-lane highway some 700 or 800 feet ahead of him in the nighttime and which he knew indicated a standing obstruction but who failed to determine whether he could pass around in safety and drove into rear end of parked trailer when, too late to stop, he learned he could not pass around it *held,* guilty of contributory negligence as a matter of law by failing so to drive as to discover an object, perform manual acts necessary to stop and actually stop car within range of vision.

Appeal from Genesee; Gadola (Paul V.), J. Submitted April 16, 1937. (Docket No. 107, Calendar No. 39,477.) Decided May 21, 1937.

Case by Clarence Phillips against Inter-City Trucking Service, Inc., a Michigan corporation, for personal injuries suffered in collision with the rear end of a parked trailer. Verdict for plaintiff. Judgment for defendant *non obstante veredicto*. Plaintiff appeals. Affirmed.

*Edward J. Fallon,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendant.

POTTER, J. Plaintiff brought suit against defendant to recover damages for personal injuries received when his automobile collided with the trailer owned by defendant on highway US-10. Verdict for plaintiff was set aside and judgment for defendant entered *non obstante veredicto.* Plaintiff appeals.

At the time of the accident plaintiff was driving north on highway US-10. He was familiar with it. On his way from Pontiac to Clio, in the nighttime, as he approached defendant's trailer he observed lights 700 or 800 feet north of where he was, indicating something was obstructing the road. He saw red lights and flares on the highway when he was 700 feet away. He knew the obstruction was standing still. Instead of stopping and making observations to determine whether he could pass with safety, he continued to drive toward the parked trailer and, when about 25 feet south of the trailer, he saw two automobiles coming from the opposite direction driving side by side in the two lanes used by southbound traffic, and he observed another car

which swerved into the lane of traffic then being used by plaintiff, coming at a rapid rate of speed. He knew defendant's trailer was obstructing the easterly lane of the highway. But he was unable, at the speed he was traveling, to stop his car and turned his automobile into the lane of traffic obstructed by the trailer, hit it and received the injuries complained of.

Defendant's negligence may be conceded. Plaintiff was in a position where he placed himself. It is not enough that a driver be able to begin to stop within the range of his vision or that he use diligence to stop after discerning an object,— neither of which plaintiff did. The rule makes no allowance for delay in action. Plaintiff must, on peril of legal negligence, so drive that he can and will discover an object, perform the manual acts necessary to stop, and bring the car to a halt within such range. *Haney* v. *Troost*, 242 Mich. 693; *Ruth* v. *Vroom*, 245 Mich. 88 (62 A. L. R. 1528); *Thompson* v. *Southern Michigan Transportation Co.*, 261 Mich. 440. Plaintiff, when he discovered the object obstructing the highway, had ample time to perform the manual acts necessary to stop but, instead of stopping, he continued to drive his automobile in the direction of the object obstructing the highway at a rate of speed so that when confronted by the oncoming cars he drove into the rear of the trailer which he knew was standing on the highway. This was negligence.

Judgment of the trial court affirmed, with costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and CHANDLER, JJ., concurred.