FISCHER et al. v. REISSIG et al.
No. 8956.

Court of Civil Appeals of Texas. Austin.
July 17, 1940.

Rehearing Denied Sept. 25, 1940.

Wm. Trenckmann and Coleman Gay, both of Austin, for appellants.

Harris & Harris, of Austin, for appellees.

BLAIR, Justice.

The parties will be designated as in the trial court. Plaintiffs, H. H. Reissig and others, property owners in Oakmont. Heights in the City of Austin, sued defendants, Erwin Fischer and others, owners of Lot. No. 1, Block No. 3, in the said addition, and who at the time had begun the construction of two residences thereon. The plaintiffs brought suit to enjoin the construction of the houses, contending that the said houses did not comply with the restriction in the deed: "The dwelling house, as distinguished from outhouses and servant's quarters, shall face the street upon which the lots front, and no part thereof shall be nearer than 25 feet to the front property line. All other structures shall be in the rear of the dwelling house."

On the hearing of the temporary injunction, the court ordered, "that defendants be permitted to proceed with the construction of such buildings to their completion, and to file their written report with the court, showing the completion of same, their locations, cost of construction, etc., at the risk, however, of defendants, and upon the filing of said report the court will hear further evidence and finally determine whether or not the said buildings comply with the terms of the restriction." Pursuant to this order, the houses were completed; and after final report and hearing the court entered its judgment finding that the house facing West 36th Street was constructed in compliance with the building restrictions in the deed; but that the house facing Oakmont Heights Boulevard was constructed for use as a dwelling and that it did not face the street upon which the lot fronts, in violation of the restriction regulating the frontage of buildings. Therefore, the court granted a mandatory injunction and ordered the removal of the house facing Oakmont Heights Boulevard; hence this appeal.

Appellants contend that, "since the restrictions upon Lot No. 1, Block No. 3, in Oakmont Heights, did not expressly prohibit the erection of more than one dwelling house upon said lot, such restrictions would not be enlarged by implication to prohibit the erection of more than one house thereon, such restrictions being strictly construed against the grantor."

It is true that there is no express prohibition of the erection of more than one dwelling house upon the lot, and we recognize the general rule that cove-

nants and agreements restricting the free use of property must be strictly construed, favoring the grantee and against the grantor, and all doubts should be resolved in favor of the free and unrestricted use of the premises. Settegast v. Foley Bros. Dry Goods Co., 114 Tex. 452, 270 S.W. 1014, 1015; Davis v. Skipper, 125 Tex. 364, 83 S.W.2d 318; Ragland v. Overton, Tex. Civ.App., 44 S.W.2d 768; 14 Am.Jur., 621, § 212; 18 C.J. 386, § 450. We think, however, in applying this rule of strict construction to the restriction quoted, that it was clearly intended to provide, (1) that only one dwelling house should be erected on each lot in the addition; and (2) that the house should face West 36th Street. That is, in applying the general rule of strict construction to the restriction, "The dwelling house, as distinguished from outhouses and servant's quarters, shall face the street upon which the lots front, and no part thereof shall be nearer than 25 feet to the front property line," the article "the" preceding "dwelling house" clearly indicates that only one dwelling house shall be built on each lot. The clause, "the dwelling house," is used in the singular, and the article "the" as used before the noun "dwelling house" was intended to be used in the sense of specifying or particularizing that only one such dwelling house should be built on each lot.

The court found that the house facing West 36th Street was constructed in compliance with the building restrictions. The appellants contend that the clause, "All other structures shall be in the rear of the dwelling," expressly provides that other structures might be built on said lot if such structures were built in the rear of the dwelling house; and that this clause would allow them to construct another residence at the rear of the dwelling house. However, the court found that the building facing Oakmont Heights Boulevard was constructed for use as a dwelling, which would necessitate the application of the restrictions of the dwelling house to this building facing Oakmont Heights Boulevard. In making this application, the court found that the structure does not face the street upon which the lots front, and was therefore in violation of the restriction regulating the frontage of buildings. Assuming, however, a compliance with this facing restriction, an impossible situation would be created because of the restriction that "all other structures shall be in the rear of the dwelling," in that the house facing West

36th Street, found by the court to be in compliance with the building restrictions, will now be in front, rather than in the rear of this second dwelling house. It is physically impossible to place two dwelling houses, each in compliance with all of these building restrictions, on the same lot, since in complying with the facing restrictions they will always be either side by side or one in front of the other, and in neither position can both dwelling houses simultaneously have all other structures in the rear.

Still another rule of construction is applicable here, which is stated in 18 C. J. 386, § 450, as follows: "In construing covenants of restriction as to the use of property, the circumstances and conditions surrounding the parties and property must be considered as well as the manifest objects of the grant of restriction. So the intent of the parties and the object of the deed or restriction should govern, giving the instrument a just and fair interpretation."

This general rule of construction is applied to building restrictions. Brown v. Hojnacki, 270 Mich. 557, 259 N.W. 152, 97 A.L.R. 621; Kenwood Land Co. v. Hancock Inv. Co., 169 Mo.App. 715, 155 S.W. 861; Kitchen v. Hawley, 150 Mo.App. 497, 131 S.W. 142; 18 C.J. 386, § 450, footnotes 16 & 17. In Green v. Gerner, 283 S. W. 615, the Court of Civil Appeals applied this general rule in giving the language its ordinary meaning and enforcing it according to the parties' understanding and intention; and the Commission of Appeals, 289 S.W. 999, held that the Court of Civil Appeals had properly interpreted the restrictive language of the deed.

In White v. Hansen, Tex.Civ.App., 21 S.W.2d 1091, where there was involved a restriction that no building could be used as a dwelling which cost less than $2,500 and no building constructed for purposes other than a residence could be used or occupied as a residence, it was held that there could not arise from the restriction such an implication that would prohibit the owners from residing temporarily in the servant's house until they could finance and complete their main residence, provided the residence was contemplated within a reasonable time. However, the Commission of Appeals, 36 S.W.2d 456, 458, held that the deed at the very least contemplated that where outhouses were first constructed the main residence should thereafter be

erected without delay. In disapproving the strict construction of the Court of Civil Appeals, Judge Critz said, "Such a construction would practically nullify the restrictive covenants in the deed."

Applying this principle of construction to the general tenor and language of the restrictions in question, and from the testimony given, and from uniform use of the restrictions in this addition, it seems clear to us that the intention was to have a restricted residential addition with only one dwelling house on each lot.

Having carefully considered all the questions presented in the brief, we affirm the judgment of the trial court.

Affirmed.