SCHNECK *v.* GENESEE COUNTY ROAD COMMISSION.

1. APPEAL AND ERROR—JUDGMENT NOTWITHSTANDING VERDICT—EVIDENCE.

   On plaintiff's appeal from judgment for defendant notwithstanding verdict for plaintiff, the testimony must be viewed most favorably to plaintiff.

2. AUTOMOBILES—ASSURED CLEAR DISTANCE AHEAD.

   One driving an automobile must proceed at such a rate that he is able to stop within the assured clear distance ahead (1 Comp. Laws 1929, § 4697).

3. SAME — HEAVY TRAILER — NIGHTFALL — CONTRIBUTORY NEGLIGENCE—EVIDENCE.

   Gray-colored trailer for carrying heavy machinery, consisting of 10 wheels with platform 10 feet wide and 18 or 20 feet

Degree of particularity with which courts define standard of care required of plaintiffs as a matter of law, see 2 Restatement, Torts, § 476.

For general rules on contributory negligence, see 2 Restatement, Torts, §§ 463, 466 (b).

long and about 28 to 30 inches above pavement, made of natural wood colored planks 4 inches thick and bound across the rear by a 10-inch steel band to which were attached two reflectors, on which platform was loaded a red crane 12 feet high and weighing over 10 tons, which was moving at speed of 5 or 6 miles an hour on proper side of road in same direction as plaintiff on a day in December as it was getting dark, was of such a character that plaintiff was bound to see it as he approached and, since plaintiff was also required so to drive his automobile at such a rate of speed that it could be stopped in time to avoid a collision and there were present no fortuitous circumstances excusing him from his own negligence, pavement was dry and there was nothing to interfere with normal vision, he was guilty of contributory negligence as a matter of law (1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933).

Appeal from Genesee; Black (Edward D.), J. Submitted October 9, 1940. (Docket No. 3, Calendar No. 40,617.) Decided December 10, 1940.

Case by Jacob Schneck against Genesee County Road Commission, Jessie Dowding, doing business as Dowding Truck & Transfer Company, and another for personal injuries and damages to plaintiff's automobile. Verdict for plaintiff. Judgment for defendant *non obstante veredicto*. Plaintiff appeals. Affirmed.

*Walter C. Jones* and *Maurine L. Jones*, for plaintiff.

*L. J. Carey* and *George J. Cooper*, for defendant Dowding.

*Jack C. Lande*, Assistant Prosecuting Attorney, for defendant Genesee County Road Commission.

NORTH, J. In this automobile accident case plaintiff, on trial by jury, had a verdict; but on defendants' motion the trial court ordered judgment *non obstante veredicto*. This order was based upon the holding that plaintiff was guilty of contributory

negligence as a matter of law. Plaintiff has appealed.

On December 8 or 9, 1936, about 5:30 in the afternoon and when it was dark or growing dark, plaintiff was driving a Ford coupe on a paved highway just outside the village limits of Clio, Michigan. He was driving somewhere from 25 to 30 miles an hour, and the lights on his automobile were lighted. He overtook a trailer owned by the Genesee county road commission but which at the time was being used by the defendant Dowding Truck & Transfer Company, its employee Mr. Blair being the driver of the truck hauling the trailer. The truck was drawing a trailer which had a deck or platform nearly 10 feet in width, 18 to 20 feet long, and was 28 to 30 inches above the pavement level. This platform made of planks was of the natural wood color, about 4 inches thick, and bound across the rear by a steel band about 10 inches wide. There were two reflectors attached to this piece of steel, each of which was designed to show a red light by reflection. This trailer was intended for carrying heavy machinery. It moved upon 10 wheels, 2 of which were in front and 8 in the rear. It was painted gray, a color close to that of the pavement. There were no side or end pieces used in connection with the platform of the trailer; and at the time of the accident there was being conveyed on this trailer a crane or steam shovel (also called caterpillar truck) which was approximately 12 feet in height and painted red. This crane weighed 10 or 12 tons. The following description was given by a witness: "I think a steam shovel was on it (the trailer), a pretty big one. * * * It was 10 or 12 feet tall, about the width of the trailer. Wasn't any over. It couldn't have been any less than 2 feet narrower than the trailer." The pavement, which was dry, was 20 feet in width. There is no claim that any portion of defendant's truck or

trailer extended to its left over the center line. There is something of a dispute in the testimony as to whether lights of any character, other than the reflectors, were being maintained on the rear of the trailer. Defendants offered testimony tending to show there were three lighted firepots or flares on the rear end of the vehicle; but on this appeal the testimony must be viewed most favorably to plaintiff. The truck and trailer were proceeding along the highway at the rate of 5 or 6 miles per hour.

The Ford coupe which plaintiff was driving collided with the rear end of defendants' trailer, and resulted in damages to both plaintiff's person and to the automobile. Touching the circumstances of the collision, plaintiff testified:

"*Q.* Did you see any lights or warnings ahead of you?
"*A.* I didn't see any light.
"*Q.* Did you see the trailer before you hit it?
"*A.* No; I hit it before I seen it.
"*Q.* You didn't see anything.
"*A.* I didn't see anything."

As noted in his brief, appellant is mindful that one driving an automobile must proceed at such a rate that he is able to stop within the assured clear distance ahead. 1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933 (Stat. Ann. § 9.1565). * But appellant points out it has been held in a number of our decisions that the stated rule must be applied with reason and it is not applicable to all hazards or obstacles on the highway. In this connection appellant asserts that the instant case should come within our holdings in the partic-

---

* See Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 4697, Stat. Ann. 1940 Cum. Supp. § 9.1565).

ular just above noted in *Bishop* v. *Vandercook,* 228 Mich. 299; *Bard* v. *Baker,* 283 Mich. 337; *Park* v. *Gaudio,* 286 Mich. 133; and *Vashaw* v. *Marquette Public Service Garage,* 288 Mich. 363. We are not in accord with appellant's contention. Instead, each of the cited cases is clearly distinguishable from the instant case because of a material difference in the facts. In the *Bishop Case* the accident was caused by the act of defendant in placing a log or pole 12 feet long and 8 and 10 inches in diameter across the highway in an effort to halt traffic. In the *Bard Case* the accident, which happened in the evening, was caused by a mat 6 inches thick and used in highway construction projecting from the platform of a truck parked at the side of the road but in such proximity that the projecting mat extended somewhat over and 5 feet above the pavement. The accident in the *Gaudio Case* happened in the nighttime and plaintiff's inability to stop his car was caused by mud on the pavement of which condition he was unaware, and therefore he was not guilty of contributory negligence as a matter of law. Also in the *Vashaw Case* the accident happened in the nighttime and was caused by a chain being used by a wrecking car. This chain was stretched across the course of plaintiff's car and without adequate lighting.

As contradistinguished from the circumstances involved in the cases just above noted, the instant case presents a situation within our decisions in the following cases: *Lett* v. *Summerfield & Hecht,* 239 Mich. 699; *Angstman* v. *Wilson,* 258 Mich. 195 (31 N. C. C. A. 1); *Moore* v. *United States Truck Co.,* 260 Mich. 56; *Russell* v. *Szczawinski,* 268 Mich. 112; *Johnson* v. *Fremont Canning Co.,* 270 Mich. 524; *Phillips* v. *Inter-City Trucking Service, Inc.,* 280 Mich. 30; *Clark* v. *Jackson,* 286 Mich. 355. In other words, defendants' vehicle loaded with the crane and

moving in the same direction in which plaintiff was driving was of such a character that as a matter of law he was bound to see it as he approached and he was also bound to be driving his own automobile at such a rate of speed that it could be stopped in time to avoid collision. The testimony in this case discloses no fortuitous circumstance which excuses plaintiff from his own negligence. The pavement was dry and there were no attendant circumstances which interfered with normal nighttime vision. Plaintiff's failure to see defendants' vehicle before colliding with it was contributory negligence as a matter of law. The trial judge properly so held.

The judgment in the circuit court is affirmed, with costs to appellees.

BUSHNELL, C. J., and SHARPE, BOYLES, CHANDLER, McALLISTER, WIEST, and BUTZEL, JJ., concurred.