[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 406 
This is a will contest. A jury sustained the will. Subsequently, the trial court entered judgment against the will notwithstanding the verdict. Proponent appeals.
In this case there are a great many disputed facts, but the following facts appear to be undisputed: Frank Frazee was 83 years of age when he died. He and his wife, Katherine, had lived on a farm near Benton Harbor, Michigan. Sophia Frazee, a daughter of Frank Frazee's brother, came to live at the home of Frank Frazee and helped keep house for her aunt Katherine who died in about the year 1915. After the death of Katherine Frazee, Sophia Frazee remained at the home of her uncle and did the housework. Later Sophia, who was then about *Page 407 
14 years of age, gave birth to a child, named Eva Ella Lucille Frazee Dornbos and who is the principal beneficiary in the alleged will. Later, Frank Frazee went to Kent county and lived on a farm near Rockford and later he moved to Ziegenfuss Lake which was his residence when he died.
On July 30, 1937, the probate court of Kent county issued an order appointing a guardian for Frank Frazee, a mentally incompetent person. During the early period of the guardianship, the guardian gave Frank Frazee checks of $25 from time to time with which he bought his own groceries and supplies. After January, 1940, his physical and mental condition declined; his extremities and abdomen swelled. He had nephritis and heart trouble, and on July 16, 1940, suffered a partial stroke. On July 20th of the same year, two physicians examined him and reported that he was mentally incompetent and unable to transact any business. About the hour of 5:45 p.m., on July 29, 1940, he was removed to the hospital at Greenville. The following day at 10:20 a.m., when seen by Dr. Hansen, he was in a stupor. At about 3:30 or 4 p.m., on July 30th, Sophia Dornbos, proponent herein, who prior thereto had a will prepared, gained entrance into the room of Frank Frazee and claims that Frank Frazee executed the purported will. The purported will revokes a will made June 21, 1933. Frank Frazee died at 8:20 p.m., on July 31, 1940.
On October 4, 1940, the will was admitted to probate in Kent county. Contestants appealed to the circuit court of Kent county. The cause came on for trial and the will was allowed. Upon appeal by contestants to the Supreme Court, the judgment affirming the order allowing the will was reversed and a new trial granted. SeeIn re Frazee's Estate, 301 Mich. 164. *Page 408 
The cause was again tried before a jury who returned a verdict allowing the will. The trial court in rendering judgment nonobstante veredicto against the will stated:
"In view of the undisputed proof in the case that Frazee on the afternoon of July 30, 1940, at the time of the alleged marking of the purported will was within 29 hours of death from chronic nephritis and uremia, that he had been in stupor or unconsciousness since he entered the hospital, and was beyond speech or conscious action both before and after the proponent and the attesting witnesses visited his room on that afternoon, and that he was then approaching a state of final coma, testimony that for a brief interval such mentality as he had possessed prior to entering the hospital was recovered to the extent necessary to permit him to do and say what is claimed by proponent, is wholly insufficient as a matter of law to indicate, or tend to indicate, that at the time of the alleged execution of the purported will his mentality was sufficient to meet the legal requisites of testamentary capacity necessary to make a valid will. For that reason the jury should have been instructed to render their verdict against the purported will."
It is urged by proponent that the trial court erred in concluding that counsel for proponent made a motion for a directed verdict without reservation, and in granting contestants a judgment notwithstanding the verdict of the jury.
It appears that at the close of proponent's proofs on rebuttal contestants made the following motion:
"I desire at this time, your honor, to move the court that a verdict of the jury be directed in favor of the contestants in this case and against the will for the reason: (1) That there is in this case no competent proof of conscious and voluntary making *Page 409 
of the mark on this will or purported will by Frank Frazee. (2) That it appears from the undisputed testimony in this case that Mr. Frazee at the time of the alleged marking of this purported will of July 30, 1940, did not possess the degree of testamentary capacity required by the law in order to enable him to make a valid will."
The trial court in passing upon this motion stated:
"In this case the motion now for a directed verdict being made. The case has taken some time to try, beginning Tuesday of last week and today is Thursday. It is probably the judicious thing to submit the question to the jury, reserving the right to pass upon this motion after the jury shall have rendered a verdict if it shall be re-presented. In other words, take it under the Empson act* and hold this motion, reserving the right to pass upon whether or not the court shall direct a verdict, the procedure being known as a direction of a verdict non obstante veredicto, or a judgment non obstante veredicto."
After some discussion between the trial court and counsel, the court finally held:
"So I will hold this under the Empson act without decision, except to say it will not be decided at this time, and if the question be raised after the jury renders a verdict, the court will, under the Empson act, reserve the right and power to direct a judgment, notwithstanding the verdict of the jury."
Thereafter, Mr. Gillard, Sr., attorney for proponent, made the following motion:
"If the court please, I move the court to direct a verdict in favor of the proponent of this will for the reason there has been no competent testimony or *Page 410 
evidence as bearing upon or even tending to support the contestants' claim of undue influence. * * * That is one. Next, there is absolutely no evidence of undue influence or fraud and third, there is no question of competency under the admitted facts in the case as shown by the hospital record and the death certificate and the testimony of the experts. * * * I hope the court won't be — won't take the position the court takes in denying the first motion Mr. Harrington made in charging the jury. I hope that the court will submit it without indicating the court feels as he does on some of these statements of fact."
After some further discussion, the trial court stated:
"Wait a minute. Your motion is denied. It will not be held under advisement under the Empson act, but it is definitely, permanently denied."
The law is well settled as to the rights of parties when both parties make motions for directed verdicts.
In Arnold v. Krug, 279 Mich. 702, we said:
"Where, without reservations, both parties ask for directed verdict, the court may determine the case and need not submit it to the jury even though there be room for conflicting inferences from the testimony. * * *
"When, in addition to his motion to direct, a party presents requests to charge the jury, it negatives his intent to waive the right to have a jury pass upon the case; and if his motion to direct is denied, he is entitled to go to the jury on any proper issue of fact. Kane v. Detroit Life Ins. Co., 204 Mich. 357;Burkheiser v. City of Detroit, 270 Mich. 381 (97 A.L.R. 621).
"It follows also that one may reserve his right to go to the jury, on denial of his motion to direct, by *Page 411 
any definite claim to the court to that end, made upon the record. The reservation need not be by written request to charge.
"Possibly some of the confusion may have been caused by the original acceptance of the rule by this court without discussion of its extent and underlying principle. To clarify the situation, we adopt the statement in 18 A.L.R. 1433 and 69 A.L.R. 634, which is sustained by the weight of authority, as follows:
"`Where each of the parties to an action requests the court to direct a verdict in his favor, and makes no request that the jury shall be allowed to determine any question of fact, the parties will be presumed to have waived the right to a trial by jury, and to have constituted the court a trier of questions both of law and of fact.'"
See, also, Cardinal v. Reinecke, 280 Mich. 15.
In our opinion, proponent's motion for a directed verdict was made with the reservation of the right to have a jury determine the factual questions involved because immediately following such motion proponent's counsel stated: "I hope the court will submit it without indicating the court feels as he does on some of the statements of fact." Moreover, counsel for both parties argued the cause before the jury, and following the above motion, proponent's counsel filed with the court requests to charge. The trial court was of the opinion that a question of fact was involved and that the cause should be submitted to the jury. He stated:
"My view of the testimony is that it depends upon the truthfulness of some testimony not upon the words spoken by the witnesses but are they truthful, are they credible, do they carry conviction, are they entitled to any consideration and if so, how much? And that makes a question of fact, I think, for the jury." *Page 412 
In view of our determination that proponent's motion for a directed verdict was submitted with reservations and because the trial court directed a verdict for contestants notwithstanding the verdict of the jury, on review the testimony must be viewed in a light most favorable to the party against whom the judgment was directed. See Schneck v. Genesee County Road Commission,295 Mich. 482, and In re Estate of Miller, 300 Mich. 703.
In Holgate v. Chrysler Corp., 279 Mich. 24, 27, we said:
"In the consideration of the case, the court having directed a verdict in favor of each of the defendants, the testimony is to be considered most strongly in favor of the plaintiff, and if, from a consideration of that testimony and the reasonable inferences and deductions therefrom, a question of fact was presented for the consideration of the jury, the judgment of the trial court should be reversed; and, if not, should be affirmed."
In the case at bar there is testimony which, if it was considered favorably by the jury, is sufficient to sustain the will. It would not profit the profession to list in detail the evidence produced at the trial, but considering the evidence in a light most favorable to proponent, we conclude that there was an issue of fact as to the proper and legal execution of the will.
The judgment is reversed and the case remanded to the circuit court for entry of judgment sustaining the will. Proponent will recover costs.
BOYLES, C.J., and CHANDLER, NORTH, STARR, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.
* See 3 Comp. Laws 1929, § 14531 et seq., as amended by Act No. 44, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 14531, Stat. Ann. and Stat. Ann. 1943 Cum. Supp. § 27.1461 et seq.). — REPORTER. *Page 413