WOODWARD HILLS IMPROVEMENT ASSOCIATION
*v.* CAREY HOMES, INC.

**1. Covenants—Construction.**

Restrictive covenants as to the use of land should be strictly construed and all doubts resolved in favor of the free use of property.

**2. Same—Construction.**

Where the language of a restrictive covenant is clear, the parties will be confined to the language which they employed and it is to be taken in its ordinary and generally understood or popular sense.

**3. Same—Bungalows—Single Residence Buildings.**

Where restrictive covenants in subdivision restricted use of lots to "single bungalow residence buildings only" on designated streets and all others to "single residence buildings only," the language was clear and permitted erection of single bungalow residence buildings on lots in latter group.

Appeal from Oakland; Hartrick (George B.), J. Submitted April 8, 1948. (Docket No. 41, Calendar No. 43,977.) Decided May 18, 1948.

Bill by Woodward Hills Improvement Association, a Michigan corporation, and another against Carey Homes, Inc., a Michigan corporation, and others to enjoin the construction of a bungalow. Bill dismissed. Plaintiffs appeal. Affirmed.

*Edward J. Fallon (George A. Cram,* of counsel), for plaintiffs.

References for Points in Headnotes
[1, 2] 14 Am. Jur., Covenants, Conditions and Restrictions, §§ 6–8, 210–212.

*Keeling, Bogue, Huthwaite & Becker,* for defendants Carey Homes, Inc., and Karabenick.

*Berry, Stevens, Barbier & Evely,* for defendants Rose.

SHARPE, J. This is a chancery suit to enjoin defendants from constructing a building commonly known as a bungalow on a lot in the Meyering Land Company's Woodward Hills subdivision in Oakland county, Michigan.

The facts are not in dispute. The principal issue involves the construction of the following restrictions:

"A. All lots fronting on Beechwood Drive, and all lots on Groveland between Maplewood avenue and Clawson avenue shall be restricted and shall be used for single bungalow residence buildings only, the value of which must be at least $6,000 and shall be placed not nearer than 20 feet from the front lot line and not nearer than 3 feet from the side lot lines. * * *

"D. All other lots in said subdivision shall be restricted and shall be used for single residence buildings only, the value of which must be at least $7,500 and shall be placed not nearer than 25 feet from the front lot line and not nearer than 3 feet from the side lot lines."

The subdivision was platted about 1925 and the owners placed on record certain restrictions. The portions pertinent to the present issue are as above mentioned. The defendant Carey Homes, Inc., started to erect a single residence on lot No. 224 of said subdivision which lot is covered by the restriction mentioned in paragraph D above. It is admitted the value of the house and location within the lot conforms to the restrictions. The building in process of erection is to be a one-and-a-half-story bunga-

low type house. When the cause came on for trial, plaintiffs offered to produce a witness whose testimony would show the intention of the original subdivider regarding the restrictions. The trial court refused to consider this line of testimony on the theory that there was no ambiguity in the meaning of the restrictions. Subsequent to the close of all testimony he filed an opinion in which it was said:

"The language of the restrictions is clear. The lots in question are restricted simply to single residence buildings only, the value of which must be at least $7,500, and be built not less than 25 feet from the front line and not less than 3 feet from the side lot line."

A decree was entered dismissing plaintiffs' bill of complaint.

Plaintiffs appeal and urge that the existence of restrictions "A" and "D" in the same set of restrictions and the language used in them exclude the right to build "single bungalow" residences (A) in a "single residence buildings only" (D) area.

It is the general rule that restrictions will be construed strictly against those claiming to enforce them and all doubts resolved in favor of the free use of the property. *Brown* v. *Hojnacki,* 270 Mich. 557 (97 A.L.R. 621).

In *Moore* v. *Kimball,* 291 Mich. 455, we said: "Where the language of the restriction is clear, the parties will be confined to the language which they employed." The language employed in stating the restrictions is to be taken in its ordinary and generally understood or popular sense. See *Seeley* v. *Phi Sigma Delta House Corp.,* 245 Mich. 252.

We are in accord with the interpretation of the trial court in his finding that "the language of the restrictions is clear." It clearly appears from the restrictions that only "single bungalow residence

buildings" can be built on lots fronting on Beechwood Drive and all lots on Groveland between Maplewood avenue and Clawson avenue. While all other lots in the subdivision are not so restricted and single residence buildings including bungalow residences may be built thereon.

The decree of the trial court is affirmed, with costs to defendants.

Bushnell, C. J., and Boyles, Reid, North, Dethmers, Butzel, and Carr, JJ., concurred.