Weaver, J.
I respectfully dissent from the majority opinion. I would hold that family day-care homes are not inherently incompatible with the restrictive covenants in this case, and, on the basis of the facts to *93 which the parties have stipulated, affirm the grant of summary disposition in favor of defendants.
The issue in this case is whether the restrictive covenants that are recorded for the defendants’ properties prohibit the defendants from operating licensed family day-care homes[1] at their residences.
Restrictive covenants in deeds will be construed strictly against the grantors and those claiming the right to enforce them. All doubts will be resolved in favor of the free use of property. James v Irvine, 141 Mich 376, 380; 104 NW 631 (1905). Deed restrictions are property rights. The courts will protect those rights if they are of value to the property owner asserting them and if the owner is not estopped from seeking enforcement. Rofe v Robinson, 415 Mich 345, 349; 329 NW2d 704 (1982).
The restrictions in this case provide, in pertinent part:
1. No part of any of the premises above described may or shall be used for other than private residential purposes.
* * *
3. No lot shall be used except for residential purposes.
* * *
12. No noxious or offensive activity shall be carried on upon any lot, nor shall anything be done thereon which may *94 be or may become an annoyance or nuisance to the neighborhood.
* * *
14. No part or parcel of the above described premises shall be used for any commercial, industrial, or business enterprises nor the storing of any equipment used in any commercial or industrial enterprise.
The majority narrowly focuses on restriction 14 and holds that any activity that creates a profit is prohibited by the restrictive covenant. I disagree with the majority’s analysis, because it fails to consider the covenant as a whole and the neighborhood to which it applies. See Lanski v Montealegre, 361 Mich 44; 104 NW2d 772 (1960). The majority conclusion would prohibit a stockbroker from working from home on his computer, an author from writing at his home office, an attorney from writing on billable time at home, or even a neighborhood child from mowing his family’s and the neighbors’ lawns for pay. I do not believe that this was the intent of the parties when they entered into the covenant.[2]
This Court should consider more than whether the activity is designed to produce a profit. As this Court has previously said:
[T]he rights of the parties are not to be determined by a literal interpretation of the restriction. It is to be construed in connection with the surrounding circumstances, which *95 the parties are supposed to have had in mind at the time they made it, the location and character of the entire tract of land, the purpose of the restriction, whether it was for the sole benefit of the grantor or for the benefit of the grantee and subsequent purchasers, and whether it was in pursuance of a general building plan for the development and improvement of the property. [Brown v Hojnacki, 270 Mich 557, 560-561; 259 NW 152 (1935) (citations omitted).]
Thus, the Court should consider other factors, such as the purpose of the restriction and the effect on the neighborhood, in determining whether the disputed activities violated the restrictive covenant at issue. See Lanski v Montealegre, supra[3] In determining the effect on the neighborhood, the court should consider whether the covenant applies only to one individual tract of land, or to an entire neighborhood or subdivision. It is also necessary to consider the character of the surrounding neighborhood — for example, whether it is a private resort area, a single-family neighborhood, a neighborhood containing one or more apartment houses, or a mixed-use neighborhood.
Here the covenant was designed to preserve the residential nature of the subdivision and to avoid the disruption to the neighborhood that “commercial, industrial, or business enterprises” would cause. Family day-care homes, absent some special feature such *96 as signs or intrusive lighting, do not cause such a disruption. Family day-care homes are limited to seven or fewer children, which limits the effect on neighborhoods. MCL 722.111(f)(iii). Their essential characteristics are compatible with a residential neighborhood, and they do not necessarily have any more effect on a neighborhood than any large family. Further, the Legislature has concluded that family day-care homes within neighborhoods are favored, as evidenced by the county zoning act and the township zoning act.[4] The majority fails to give this point sufficient consideration.
I conclude that operating a family day-care home does not inherently affect the residential character of the neighborhood that the covenant was designed to protect. This case was submitted on stipulated facts, and there is no indication of signs, lights, or other effects on the neighborhood that would cause the *97 family day-care homes to be in violation of the restrictive covenant. Accordingly, I would affirm the grant of summary disposition in favor of the defendants.

 MCL 722.111(f)(iii) provides:
“Family day care home” means a private home in which 1 but fewer than 7 minor children are received for care and supervision for periods of less than 24 hours a day, unattended by a parent or legal guardian, except children related to an adult member of the family by blood, marriage, or adoption. Family day care home includes a home that gives care to an unrelated minor child for more than 4 weeks during a calendar year.

 The majority asserts that “where agreements that have been freely reached prove flawed, they can be undone or modified through the same process.” Ante at 82. It is indeed the case that if all the interested parties-in this case the entire subdivision-agree to modify or revoke the covenant, that could be done. See 21 CJS, Covenants, § 33, pp 322-323. Nevertheless, it is not relevant to the key issue, determining whether the defendants’ family day-care homes are prohibited by the restrictive covenant at issue here.

 In Lanski v Montealegre the Court considered a covenant providing that owners “shall not use said premises for any commercial enterprise or engage in any commercial undertaking thereon ....” Id. at 46. Defendants established a convalescent home in a building formerly used as a residence. The Court said that the general plan for a private resort area indicated that a broad definition of “commerce” was intended. “In its broad sense commercial activity includes any type of business or activity which is carried on for a profit.” Id. at 49. Nevertheless, the Court went on to examine the effect of the home on the neighborhood: “The patients, the visitors, the nurses, and the over-all atmosphere detract from the general plan of the private, noncommercial resort area originally intended.” Id. at 49-50.

 In both zoning acts, it is specified that family day-care homes shall be considered a residential use of property, and a permitted use in all residential zones. MCL 125.216g(2) of the county zoning act provides:
A family day-care home licensed or registered under Act No. 116 of the Public Acts of 1973, being sections 722.111 to 722.128 of the Michigan Compiled Laws, shall be considered a residential use of property for the purposes of zoning and a permitted use in all residential zones, including those zoned for single family dwellings, and shall not be subject to a special use or conditional use permit or procedure different from those required for other dwellings of similar density in the same zone.
MCL 125.286g(2) of the township zoning act provides:
A family day-care home licensed or registered under Act No. 116 of the Public Acts of 1973, being sections 722.111 to 722.128 of the Michigan Compiled Laws, shall be considered a residential use of property for the purposes of zoning and a permitted use in all residential zones, including those zoned for single family dwellings, and shall not be subject to a special use or conditional use permit or procedure different from those required for other dwellings of similar density in the same zone.