## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

August 24, 2009

Major General Jose Mayorga
Adjutant General of Texas
Post Office Box 5218
Austin, Texas 78763-5218

Opinion No. GA-0736

Re:  Whether the Adjutant General and the Assistant Adjutants General may accrue state compensatory leave  (RQ-0796-GA)

Dear Major General Mayorga:

You seek our opinion on whether the Adjutant General and the Assistant Adjutants General may accrue compensatory leave.[1] Your request results from an investigation and report by the State Auditor's Office ("SAO") confirming the use of state emergency leave by senior members of the Adjutant General's Department ("Department") while serving on federal military orders.[2] *See* attachment to Request Letter – State Auditor's Office, An Investigative Report on The Adjutant General's Department at 1 [hereinafter "SAO Report"]. The SAO Report recommends that the Department "[o]btain a legal determination from the Office of the Attorney General regarding the accruing of compensatory leave by the Adjutant General and the Assistant Adjutants General as the head of an agency and as appointed officials." *Id.* at 7.

We first examine statutory provisions pertaining to the Adjutant General and the Assistant Adjutants General. The "adjutant general is the head of the adjutant general's department and controls the military department of the state." TEX. GOV'T CODE ANN. § 431.022(a) (Vernon 2005). His authority is subordinate only to the Governor in "matters pertaining to the military department of the state and the state military forces." *Id.*; *see also id.* § 431.001(3)–(4) (Vernon Supp. 2008) (defining "state military forces" and "Texas National Guard" so that the state's military includes the Texas Army National Guard, the Texas Air National Guard, and the Texas State Guard).

---

[1]*See* Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

[2]The SAO Report indicates that "general officers within the Department's command group . . . . received full state compensation while serving on active duty on federal military orders" because of state emergency leave. SAO Report at 1. The SAO Report indicates that the Department's general counsel "issued an opinion concluding that the practice was not compatible with state law." *Id.* at 5. The Department conducted an internal audit to calculate the amount of state salary to be repaid and used a formula that replaced an individual's emergency leave hours used with the individual's accrued annual and compensatory time balances. *See id.* at 6 (calculating repayment formula for Adjutant General using 425 hours of compensatory leave). The SAO Report questioned the use of compensatory time in the formula and, citing subsection 659.024(c) of the Government Code, asserted that the "repayment calculations may be understated because these positions may not be entitled to earn compensatory leave." *Id.* at 6.

Chapter 431 also provides for two Assistant Adjutants General. *See id.* § 431.026. An Assistant Adjutant General for army and an Assistant Adjutant General for air are appointed by the Governor on the recommendation of the Adjutant General. *See id.* § 431.026(a). The Assistant Adjutants General "shall aid the adjutant general by performing assigned duties." *Id.* § 431.026(d). The Assistant Adjutant General senior in rank "shall perform the duties of the adjutant general" in the event that the Adjutant General is "dead, absent, or unable to act." *Id.*

Chapter 659, Government Code, contains provisions concerning compensation for public officers and employees. *See generally* TEX. GOV'T CODE ANN. §§ 659.001–.308 (Vernon 2004 & Supp. 2008). In particular, subchapter B of chapter 659 authorizes a state employee's accrual of overtime compensation and compensatory time. *See id.* §§ 659.015 (Vernon 2004) (overtime compensation for employees subject to Fair Labor Standards Act), 659.016 (overtime compensation for employees not subject to FLSA), 659.023 (providing compensatory time policy). Relevant to your question, subsection 659.024(c) is an exception providing that "[a] member of the governing body of a state agency or a single state officer who governs a state agency may not accrue compensatory time under this subchapter [B] or another state statute." *Id.* § 659.024(c). Subsection 659.024(c) applies by its express terms to "a member of the governing body of a state agency" or "a single state officer who governs a state agency." *Id.* § 659.024(c). As the Department is not run by a governing body, the operative language is "a single state officer who governs a state agency." *Id.* §§ 659.024(c) (Vernon 2004), 431.022 (Vernon 2005) (providing that the Adjutant General is "the head of the adjutant general's department").

Because section 659.024 does not define the phrase "a single state officer who governs a state agency," we must construe the phrase to determine whether the Adjutant General or the Assistant Adjutants General fall within its scope. *Id.* § 659.024 (Vernon 2004). "[T]he Texas Supreme Court explained that the determining factor that distinguishes one who hold a public 'office' from one who merely holds public employment is whether any sovereign function of the government is conferred upon the individual to be exercised . . . for the benefit of the public largely independent of the control of others." *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 931 (Tex. Crim. App. 1994) (en banc) (citing *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955)); *see also Prieto Bail Bonds v. State*, 994 S.W.2d 316, 320 (Tex. App.—El Paso 1999, pet. ref'd) (using *Aldine* standard); *but see* TEX. GOV'T CODE ANN. § 659.003(a) (Vernon 2004) (defining "officer" for limited purposes of section authorizing officer to decline compensation). The term "govern" commonly means to "conduct the policy, actions, and affairs of (a state, organization, or people)." THE NEW OXFORD AMERICAN DICTIONARY 734 (2001); *see also* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005) (providing that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage"). Finally, a "state agency" for purposes of section 659.024 includes a "department . . . in the executive branch of state government" that is created by state law. TEX. GOV'T CODE ANN. §§ 658.001(2) (Vernon 2004), 659.024(a) (utilizing definition of "state agency" in subsection 658.001(2)). Based on these definitions, we construe the phrase "a single state officer who governs a state agency" to refer to an individual who exercises a sovereign function of the government for the benefit of the public largely independent of the control of others and who directs and controls the policy, actions, and affairs of a department in the executive branch of the state government that is created by state statute.

With this construction of subsection 659.024(c), we turn to your question. The Adjutant General is "*the* head of the adjutant general's department" and thus is in control of the military of the state. *Id.* § 431.022(a) (Vernon 2005) (emphasis added). *Cf. Fischer v. Reissig*, 143 S.W.2d 130, 131 (Tex. Civ. App.—Austin 1940, writ ref'd) (construing the article "the" to mean "one"). Moreover, the Adjutant General has exclusive authority over armories, facilities, and improvements owned by the State on Department property. *See* TEX. GOV'T CODE ANN. § 431.0291(a) (Vernon Supp. 2008). Control of the state's military and its facilities is a sovereign function of government that is for the benefit of the public. The Adjutant General exercises his power and discretion with respect to the state military *largely* independent of the control of others. *See id.* § 431.022(a) (Vernon 2005) (providing that the Adjutant General is head of the Department and subordinate to only the Governor). We therefore believe the Adjutant General is, under the *Aldine* standard, an officer—i.e, an individual who exercises a sovereign function of the government for the benefit of the public largely independent of the control of others.[3] Chapter 431 identifies the Adjutant General as the "head of the Department," thus it is the Adjutant General who controls the policy, action, and affairs of, and so governs, the Department. *See id.* §§ 431.022(a) ("The adjutant general is the head of the adjutant general's department. . . ."), 431.029 (identifying duties of the Adjutant General). Finally, the Department is a department in the executive branch of the state government created by state statute and thus a "state agency" under subsection 659.024(c). *See id.* § 431.021 (Vernon Supp. 2008) (identifying the Department as the Adjutant General's Department). For these reasons, we conclude that the Adjutant General is a "single state officer who governs a state agency" precluded by subsection 659.024(c) from accruing compensatory time.

Our conclusion that the Adjutant General is a "*single* state officer who governs" the Adjutant General's Department under subsection 659.024(c) necessarily precludes a conclusion that the two Assistant Adjutants General are also within the scope of subsection 659.024(c). Accordingly, we conclude that subsection 659.024(c) does not prohibit an Assistant Adjutant General from accruing compensatory leave.

---

[3]Because the adjutant general is a state officer and not an employee under *Aldine*, subsection 659.024(b), Government Code, does not apply.

## S U M M A R Y

The Texas Adjutant General is a single state officer who governs a state agency and is, therefore, precluded by subsection 659.024(c), Government Code, from accruing compensatory time. The same subsection does not preclude the Assistant Adjutants General from accruing compensatory time.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee